### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

v.

Albertson's, Inc.

Defendant.

---

### COMPLAINT and JURY TRIAL DEMAND

---

### NATURE OF THE ACTION

This is a public enforcement action to correct the unlawful employment practices of maintaining a hostile work environment based on race, color, and/or national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII") and subjecting individuals to disparate terms and conditions based on race, color and/or national origin. This action seeks to provide appropriate relief to a class of individuals adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), contends Defendant, Albertson's, Inc. ("Albertson's"), has discriminated against a class of employees at the Distribution Center in Aurora, Colorado because of their race, color, and/or national origin. EEOC alleges that Albertson's subjected this class of employees to a hostile work environment and unequal terms and conditions of employment in violation of Title VII. EEOC also alleges that Albertson's failed to take prompt and effective remedial action

intended to eliminate the hostile work environment.

## JURISDICTION AND VENUE

1.    Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3, 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, District of Colorado.

## PARTIES

3.    Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been and is now doing business in the State of Colorado and has continuously had at least fifteen (15) employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty (30) days prior to the institution of this lawsuit, Matthew Ricks ("Ricks"), an employee of Defendant, filed two charges of discrimination with the EEOC on behalf of himself and other similarly situated employees alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

**First Claim:  Hostile Work Environment/Harassment**

7.      Plaintiff realleges the foregoing paragraphs 1-6 of this Complaint.

8.      Since at least 1995, Defendant has engaged in unlawful employment practices at its Distribution Center in Aurora, Colorado, in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by allowing its Distribution Center employees to be subjected to repeated and continuing racial and national origin based harassment, comments, and graffiti including, but not limited to:

(a)      swastikas and racial slurs on the bathroom fixtures and walls, and on the warehouse racks, including the use of the racial slurs "n-word" and "spic," including references to "bastard babies" and including drawings of Black and Hispanic individuals with ropes around their necks.

(b)      writing on equipment with the term "lazy n-word" and other racial and national origin based slurs.

(c)      statements to Mr. Ricks and other Black employees, calling them "n-words" or "lazy n-words."

(d)      writing of racial and national origin based slurs on the wall of the candy room with such phrases as "the only good spic is a dead spic."

9.      In or about April of 2002, supervisor Jim Hayes ("Hayes") approached Mr. Ricks during break time, grabbed Mr. Ricks' papers, ordered him off the phone, was physically aggressive and stalked behind Mr. Ricks as he walked away, stating to Mr. Ricks, "There you go, acting like a n-word."

10.     The offensive conduct was sufficiently severe or pervasive as to alter the terms and conditions of employees subjected to the conduct.

3

11.     The offensive conduct in the workplace initiated and/or participated in by employees, including but not limited to managers, constitutes harassment.

12.     The harassment in the work place created a hostile work environment based on race, color, and/or national origin.

13.     Defendant was aware of the harassment and that some managers participated in the harassment.

14.     Defendant failed to take reasonable measures to prevent and promptly correct harassment in the workplace.   Defendant violated its own harassment policy by its inaction.  For example:

(a)     swastikas and other derogatory racial and ethnic writings on walls and equipment remained continuously in place for periods of months or even years, even when management was explicitly advised of the graffiti;

(b)     in May 2001, Jim Hartley ("Hartley"), Operations Manager, responded to a complaint regarding the graffiti and other harassment by telling the employee that he was "paranoid" and "comical" and took no further action;

(c)     based upon information and belief, Defendant CEO Gary Scarff failed to respond to a letter from a black employee which included many examples of race discrimination; and

(d)     Human Resources failed to respond when a black employee reported threats of physical violence from a white management official.

15.     Defendant tolerated the hostile work environment on a continuing basis since at least 1995.

16.     The effect of the events described above, including the harassment by managers

4

and Defendant's failure to promptly and adequately respond to employee complaints of harassment pursuant to its harassment policies and procedures, has been to deprive individuals of equal employment opportunities based on their race, color, and/or national origin.

17.    The unlawful employment practices described above were intentional.

18.    The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of employees based on their race, color, and/or national origin.

19.    The effect of the events described above has been to deprive individuals of equal employment opportunities based on their race, color, and/or national origin.

## Second Claim:  Terms and Conditions

20.    Plaintiff realleges the foregoing paragraphs 1-6 of this Complaint.

21.    Employees were subject to disparate terms and conditions of employment based on their race, color, and/or national origin, including, but not limited to:

(a)    disciplinary actions, including written warnings, suspensions, and terminations; and

(b)    selective assignment to less desirable jobs or denial of job assignments to "preferred duties."

22.    The unlawful employment practices described above were intentional.

23.    The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of employees based on their race, color, and/or national origin.

24.    The effect of the events described above has been to deprive individuals of equal employment opportunities based on their race, color, and/or national origin.

5

# PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, Albertson's, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment policy or practice which creates a hostile work environment or otherwise discriminates on the basis of race, color, and/or national origin, and from retaliating against employees who complain about discrimination;

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of race, color, and/or national origin, and which eradicate the effects of its past unlawful employment practices, including retaliation;

C.      Order Defendant to make whole a class of individuals subjected to the hostile work environment based on their race, color, and/or national origin, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

D.      Order Defendant to make whole a class of individuals subjected to the hostile work environment based on their race, color, and/or national origin, by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

E.      Order Defendant to pay a class of individuals subjected to the hostile work environment based on their race, color, and/or national origin punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

F.      Order Defendant and its successors to provide training to its officers, managers

6

and employees regarding discriminatory harassment and retaliation in the workplace;

G.       Grant such further relief as the Court deems necessary and proper in the public

interest; and

H.       Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: June 30, 2006

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

U.S.  EQUAL  EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

s/ Nancy A. Weeks
NANCY A. WEEKS
Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave., Suite 510
Denver, CO 80203
Nancy.weeks@eeoc.gov
303-866-1947

 s/ Kim R. Rogers
KIM R. ROGERS (LEAD ATTORNEY)
Trial Attorney
Kim.rogers@eeoc.gov
(303) 866-1361

s/ Rita Byrnes Kittle
Rita Byrnes Kittle
Senior Trial Attorney
Rita.kittle@eeoc.gov
(303) 866-1347

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**