IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-CV-01273-WYD-BNB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

ALBERTSON'S, INC. and ALBERTSON'S LLC,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff EEOC's Objections to Magistrate Judge Boland's Order Regarding Plaintiff's Emergency Motion for a Protective Order Prohibiting *Ex Parte* Communications With Class Members filed on August 21, 2006.  More specifically, Plaintiff filed Objections on October 19, 2006, which were responded to by Defendant on November 1, 2006.

EEOC filed timely Objections to Magistrate Judge Boland's Order.  Thus, I must review the Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive.  FED. R. CIV. P. 72(a).  "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."  *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

The Court agrees with Magistrate Boland's conclusion that until individuals characterized by the EEOC as "potential class members" establish an attorney-client

relationship with the EEOC, or until it is established that Defendant Albertson's lawyers have engaged in some misconduct, Defendant is permitted to engage in *ex parte* communications with these individuals. COLO. R. PROF. CONDUCT 4.2 states that "a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter." Generally, an attorney-client relationship exists "when it is shown that the client seeks and receives the advice of the lawyer on the legal consequences of the client's past or contemplated actions." People v. Bennet, 810 P.2d 661, 664 (Colo. 1991)(quoting People v. Morley, 725 P.2d 510, 517 (Colo. 1986). In addition, an attorney-client relationship also exists upon the certification of a class pursuant to FED. R. CIV. P. 23. See e.g. Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1207 n.28 (11th Cir. 1985)("At a minimum, class counsel represents all class members as soon as a class is certified; if not sooner").

Actions brought by the EEOC pursuant to its authority under Title VII of the 1964 Civil Rights Act, however, "are not representative actions subject to Rule 23." General Telephone Company of the Northwest, Inc. v. EEOC, 446 U.S. 318, 326 (1980). Plaintiff cites to no authority which holds that an attorney-client relationship exists in a Title VII action prior to the moment the individual seeks and receives the legal advice of the EEOC. Accordingly, Magistrate Boland's conclusion that an attorney-client relationship does not exist between all individuals identified as potential class members and the EEOC is not clearly erroneous or contrary to law.

I further agree that there is no evidence in the record which would require this Court to exercise its supervisory powers to limit communications between Albertson's and

potential class members. Magistrate Boland set this matter for a hearing and was prepared to accept evidence, but no party offered any evidence at that time. (Order 14). Because the EEOC has not produced any evidence of misconduct on the part of Albertson's lawyers, I will not restrict their communications with potential class members at this time.

Based upon the foregoing, it is

ORDERED that Magistrate Judge's October 4, 2006, Order Regarding Plaintiff's Emergency Motion for a Protective Order Prohibiting *Ex Parte* Communications With Class Members filed on August 21, 2006 is AFFIRMED.

Dated: November 14, 2006

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge