**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:        06-cv-01273 WYD-BNB

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                        Plaintiff,

                v.

ALBERTSON'S  LLC, f/k/a Albertson's, Inc.,

                        Defendants.

---

**PLAINTIFF'S EEOC'S MOTION FOR PROTECTIVE ORDER**

---

        Plaintiff Equal Employment Opportunity Commission ("EEOC"), through its attorneys,

brings this Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure to preclude Defendant Albertson's LLC f/k/a Albertson's, Inc. ("Albertson's") from

taking an extraordinary deposition of the EEOC using Rule 30(b)(6) of the Federal Rules.  The

subjects identified as those on which Defendant seeks Commission testimony are not

discoverable because they are privileged, irrelevant, immaterial, cumulative, and unduly

burdensome.

**I.        INTRODUCTION**

        Defendant's Rule 30(b)(6) notice seeks information which falls into the following

categories:  (a) information about the EEOC's investigation, which is irrelevant, and any such

testimony is cumulative of documents contained in the EEOC's administrative file, which has

been produced, [Matter Nos. 1, 2, 19, 20]; (b) information from EEOC's investigation of closed, unrelated charges of discrimination, which EEOC is precluded from disclosing [Matter Nos. 4, 5, 6, 7, 8, 13, 14, 15 and 21]; (c) information probing the EEOC's deliberative process and/or the mental processes of EEOC attorneys [Matter Nos. 1, 2, 3, 4, 5, 6, 17, 18, 19 and 20]; (d) EEOC's privileged communications with identified class members who have sought EEOC representation [Matter Nos. 9, 10, and 11]; (e) the conciliation process, which EEOC is prohibited by law from disclosing, absent a waiver of confidentiality from the Charging Party, which has not been provided [Matter No. 16]; (f) training conducted by the EEOC at the Distribution Center, which is in Defendant's possession and irrelevant to the claims and defenses [Matter No. 12]; and (g) information about a non-existent retaliation claim [Matter No. 3].

## II.       Certification of Compliance with D.C.Colo.L.R. 7.1A

On November 3, 2006, Defendant served the EEOC a 30(b)(6) Notice in which it sought to depose "one or more officers, directors, or managing agents, or other persons who consent to testify" as to information sought in twenty (20) topics. (Exhibit 1).  The Parties participated in a telephone conference pursuant to Rule 7.1 on November 15, 2006 in which the EEOC described in detail its objections to the noticed 30(b)(6) topics.  On November 27, 2006, EEOC received the Revised Notice of Videotaped Deposition of the EEOC containing twenty-one (21) topics. (Exhibit 2.)[1] Defendant has noticed the deposition for December 18, 2006.

---

[1] Matter 21 contains information prohibited from disclosure pursuant to 42 U.S.C. §§ 2000e-5(b) and 8(e) and is, therefore, redacted.

## III.    ARGUMENT

### A.    Applicable Legal Standards

#### 1.    The Standard under Rule 26

The federal rules expressly grant courts the discretion to limit discovery abuses under the

discovery rules. Rule 26 (b)(2), provides:

> The frequency or extent of use of the discovery methods otherwise
> permitted under these rules and any local rules shall be limited by
> the Court if it determines that: (i) the discovery sought is
> unreasonably cumulative or duplicative, or is obtainable from
> some other source that is more convenient, less burdensome, or
> less expensive, (ii) the party seeking discovery has had ample
> opportunity by discovery in the action to obtain the information
> sought; or (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit . . .

Likewise, Rule 26 (c) provides, in part, that "the court in the district where the deposition is to be

taken may make any order which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or a party or person from annoyance, embarrassment, oppression, or

undue burden or expense . . ."  Of course, a party may obtain discovery of non-privileged

information "relevant to the claim or defense of any party" or "[f]or good cause, the court may

order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ.

P. 26(b)(1).

The noticed deposition in this case, however, runs far afield of the intended or legitimate

purposes contemplated under Rule 30 and instead seeks irrelevant information, is duplicative of

previous discovery efforts, seeks information already obtained or obtainable "from some other

source that is more convenient, less burdensome, or less expensive," imposes an undue burden

on the Commission, and unavoidably invades well-established privileges.  All of the topics

contained in Defendant's notice seek information that is privileged, irrelevant, unavailable,

cumulative, and/or unduly burdensome for the EEOC to provide in Rule 30(b)(6) testimony.

### 2.      The Scope of Discovery Under Rule 30(b)(6)

The scope of discovery under a 30(b)(6) notice is not greater than any other discovery. Rule 30(b)(6) of the Federal Rules of Civil Procedure provides, in part: "[a] party may in the party's notice and in a subpoena name as the deponent a . . . governmental agency and describe with reasonable particularity the matters on which examination is requested. . . . The person so designated shall testify as to matters known or reasonably available to the organization."  Rule 30(b)(6) was designed primarily to "reduce the difficulties now encountered in determining, prior to taking a deposition, whether a particular employee or agent is a 'managing agent' as well as to curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it" – two difficulties not presented here because no EEOC employee has personal knowledge of the facts.  Fed.R.Civ.Pro. 30 Advisory Committee's Notes ¶30(b)(6).

### B.      The EEOC Investigation Is Irrelevant.

It is well settled that Defendant is entitled to a trial *de novo* in this matter and that an employer *may not litigate* the adequacy of the EEOC's investigation and determination.  See *EEOC v. KECO industries, Inc.,* 748 F.2d 1097, 1100 (6th Cir. 1984) (error for the district court to inquire into the sufficiency of the Commission's investigation); *EEOC v. General Electric Co.*, 532 F.2d 359, 370 n.31 (4th Cir. 1976) (EEOC's investigation is not reviewable, noting that substantial "potential for delay and diversion which such an undertaking would create" and the "limited benefit," court holds "the Commission's determination does not establish rights or obligations; the respondent is entitled to a trial *de novo* in the district court."); *EEOC v. Chicago Miniature Lamp Works*, 526 F.Supp. 974, 975 (N.D. Ill. 1981), rev'd on other grounds, (EEOC's

investigation and determination are completely discretionary and not subject to review by court.)

Following the Court's analysis in *General Electric*, courts have rejected discovery into the factual basis of Commission findings because of the potential to saddle every discrimination case with a mini-trial into the sufficiency of the evidence supporting a Commission determination and the likelihood that a probe into the reasonableness of the findings "would deflect the efforts of both the Court and the parties from the main purpose of this litigation: To determine whether . . . [Defendant] has actually violated Title VII." *Chicago Miniature Lampworks*, 526 F.Supp at 975.

The reasoning in one case, involving a defendant's effort to depose the U.S. Attorney's Office in search for facts relevant to the allegations set forth in a RICO complaint, is particularly apt:

> This is not a case in which a party denied its adversary access to relevant facts in its possession. The relevant facts in this case are contained in the documents provided to the defendants are known by the individuals identified as having first hand knowledge. Those facts sources can be tapped without the complications and limitations that necessarily flow from the depositions of attorneys and their investigators.

*United States v. District Council of New York City and Vicinity of the United States Brotherhood of Carpenters and Joiners of America*, No. 90 CIV. 5722, 1992 WL 208284 at * 5 (S.D.N.Y. August 18, 1992).

Here, like the U.S. Attorney's office, the EEOC conducted an investigation which prompted the EEOC to prosecute an enforcement action for alleged violation of Title VII. Deposing the EEOC about its investigation is the same as deposing the U.S. Attorney's office about its investigation.  The issue is not the EEOC's investigation or determination; the issue is whether Albertson's has discriminated against its minority employees, as alleged in the complaint.  As in *Carpenters,* the relevant facts are contained in the documents provided to the

Defendant (and additional documents in Defendant's own custody and control), and the individuals having first-hand knowledge of the events.  It is decidedly improper to depose the EEOC regarding facts about which it has no first-hand knowledge.

Defendant has obtained a copy of the EEOC investigative file, and has noticed the depositions of several employees with factual information.  Any testimony of the EEOC regarding the irrelevant investigation is merely cumulative.

Moreover, it would be unduly burdensome for the Commission to produce an employee for the purpose of responding to inquiries about subject matter that is irrelevant and inadmissible. The EEOC's investigative file in this case is voluminous and preparation to give Rule 30(b)(6) testimony regarding the investigation will require thorough review of the extensive file.  The Commission should not be expected to divert its law enforcement resources away from other investigations so that an official can become acquainted with the factual minutiae of files already in Defendant's possession, merely to restate information readily ascertained from the file.  Such a burden would be contrary to the underlying purposes of Rule 30(b)(6) to "aid in the efficient discovery of facts."  *Mitsui and Co. v. Puerto Rico Water Resources Authoirty*, 93 F.R.D. 62, 64 (D.P.R. 1981).

> **C.    Defendant Seeks Information About Closed and Unrelated Charges of Discrimination, Which Information is Known to Defendant and which EEOC is Not Allowed to Disclose.**

Several of the topics in Defendant's Rule 30(b)(6) notice seek information regarding charges of discrimination filed since 1990, against Albertson's by any past or present employee at the Distribution Center and other Albertson's facilities in the State of Colorado, including information about an unrelated charge and settlement.

Whenever a charge of discrimination is filed under Title VII, the EEOC is required by

law to serve the respondent employer with notice of the charge within ten (10) days.  Thus, Defendant has its own records of any such charges of discrimination.  The EEOC, however, is precluded by law from disclosing the existence of any such charges, absent a written waiver from both the Charging Party and the Respondent.  42 U.S.C. §§ 2000e-5(b) and 8(e).  EEOC staff are subject to fines of up to $1,000, and up to a year in prison for violating the confidentiality provisions of the statute.  *Id.*   If there are any such charges, Albertson's may have waived its right to confidentiality, but the Charging Parties have not.

Further, once the EEOC has closed a charge file, the Respondent Employer may obtain copies of the investigative file only upon verification that litigation was filed by the Charging Party prior to the expiration of the Notice of Right to Sue.  29 CFR § 1610.17(d) (1979); EEOC Compliance Manual § 83 *et seq.*  The statute gives the employee 90 days from the Commission's notice of right to sue to file a private lawsuit. 42 U.S.C. § 2000e-5(f)(1).

Section 706(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(b) (1982), provides that "charges shall not be made public by the Commission . . ." and that "[a]ny person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both····" Additionally, Section 709(e) of Title VII, 42 U.S.C. § 2000e-8(e), provides that "it shall be unlawful for any officer of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section [to investigate charges of discrimination and to require employers to maintain and submit records] prior to the institution of any proceeding under this title involving such information".  "Neither a charge, nor information obtained pursuant to section 709(a) of Title VII, nor information obtained from records required to be kept or reports required to be filed pursuant to section 709(c) and (d) of Title VII, shall be

made matters of public information by the Commission prior to the institution of any

proceedings under this Title involving such charge or information. " 29 CFR § 1601.22 (1979).

*See also Equal Employment Opportunity Commission v. Associated Dry Goods Co.*, 449 U.S.

590 (1981); *Frito Lay v. EEOC*, 964 F.Supp. 236, 239-43 (W.D. Ky. 1997); *American*

*Centennial Insurance Co. v. United States Equal Employment Opportunity Commission*, 722

F.Supp. 180 (D.N.J. 1989); *EEOC v. City of Milwaukee*, 54 F. Supp. 2$^d$ 885, 893 (E.D. Wis.

1999).

The Commission also has created very specific "special disclosure" rules governing the

form and scope of disclosure to those persons whom the Commission treats as being separate

from the "public" to whom the statute forbids any disclosure. 29 CFR § 1610.17(d) (1979);

EEOC Compliance Manual § 83 *et seq.* Thus, EEOC is precluded from disclosing the requested

information regarding its investigation of charges which have been closed and cannot be the

subject of litigation.

> **D.      Defendant Seeks to Discover EEOC's Privileged Deliberative Process and**
> **Privileged Attorney Work Product.**

To the extent Defendant seeks the EEOC's analysis of the relevant facts, this deposition

seeks information inextricably enmeshed with the Commission's deliberative process privilege

and the mental processes of the EEOC's litigation counsel.

It is well established that information relating to the Commission's analyses, advice, and

recommendations relied upon by the Commission in this matter is both irrelevant and protected

by the governmental deliberative process privilege. See *EEOC v. Sears, Roebuck & Co.*, 111

F.R.D. 385, 390 (N.D. Ill. 1986); *EPA v. Mink*, 410 U.S. 73, 87-89 (1973); *NLRB v. Sears,*

*roebuck & Co.*, 421 U.S. 132, 149 (1975) (the deliberative privilege protects analyses, advice,

recommendations, and conclusions – resting on much the same need for open communications

that supports the attorney-client privilege, or that permits the judicial process to function freely.) In a case where a defendant had the entire EEOC investigative file, a court found "deposition inquiries concerning the EEOC's view of the relevant facts can only be designed to explore the EEOC's determinations of how it intends to order its proof." *Equal Employment Opportunity Commission v. American International Group, Incorporated, 1994 WL 376052, at * 3* (S.D.N.Y. 1994). The court further reasoned: "[W]hen the information being sought is available from sources less entangled in privilege issues, a founded suspicion may arise that the seeking party is in fact attempting to exploit attorney work product." *American International Group* at *3. *See also Morelli*, 143 F.R.D. at 47 (where defendant had entire investigative file, noticed 30(b)(6) deposition improperly sought information about how the agency "intends to marshal the facts, documents, and [statements] in its possession, and to discover the inferences that [the agency] believes can be drawn from the evidence it has accumulated.") *See also Carpenters,*1992 WL 208284 at * 5 (S.D.N.Y., August 18, 1992) (Court denied motion to compel deposition of F.B.I. Agent seeking testimony in support of allegations in complaint when agent had no first-hand knowledge of facts and all non-privileged documents were provided to defendant). Thus, any inquiry beyond what is contained in the file, necessarily and improperly seeks privileged information relating to the Commission's process in compiling and analyzing this information. *Equal Employment Opportunity Comm'n v. HBE Corporation*, 157 F.R.D. 465 (E.D. Mo. 1994).

Defendant also seeks information inextricably enmeshed with attorney work product shielded from discovery by Fed. R. Civ. P. 26(b)(3). *See generally Upjohn Company v. United States*, 425 U.S. 391, 66 L.Ed2d 584, 596 (1981) (underscoring the "strong public policy" underlying Rule 26(b)(3) and the work product doctrine). The Supreme Court has made it clear that this type of information is not discoverable.

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.  Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.  That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.

*Hickman v. Taylor*, 329 U.S. 495, 510-511(1947).  See also *In re Grand Jury Proceedings,* 727 F.2d 941, 945 (10th Cir. 1984) ("the lawyer's mental processes developed explicitly for litigation" are protected by the work-product immunity doctrine).

Courts have demonstrated little reluctance in finding that broadly-defined deposition topics which seek information concerning allegations set forth in litigation improperly invade protected attorney work product. *American National Red Cross v. Travelers Indemnity Co. of Rhode Island*, 896 F. Supp. 8, 13 (D.D.C. 1995) (stating that a 30(b)(6) inquiry into "'facts and documents which [defendant] contends support' each affirmative defense" constituted "questions that intruded upon protected work product; in effect . . . request[ed] insight into [defendant's] defense plan"); *Carpenters,*1992 WL 208284 at * 5 ("In seeking to depose the U.S. Attorney's Office or agents of that office, defendants' search for facts relevant to the allegations of the Supplemental Complaint must inevitably clash with matters arguably protected by the work product doctrine."); *In Re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Ka.1996) (plaintiff's effort to use 30(b)(6) to discover facts supporting affirmative defenses is "overbroad, inefficient, and unreasonable."); *Securities and Exchange Commission v. Rosenfeld*, 1997 WL 576021 (S.D.N.Y. 1997) (granting protective order barring Rule 30(b)(6) deposition of SEC seeking factual basis for claims; deposition of SEC, rather than relying on interrogatories, document requests, and depositions of fact witnesses, is "obviously aimed at

finding the nature of the SEC's attorney work product, and is denied for that reason").

Accordingly, federal courts have similarly precluded Rule 30(b)(6) depositions of the EEOC and other federal law enforcement agencies as improperly invading protected attorney work product. For instance, an employer served a notice pursuant to Rule 30(b)(6) on the EEOC, requiring the EEOC to designate and produce for deposition a person having knowledge of the allegations in its complaint. As here, the only person with sufficient knowledge was the Commission's trial attorney, and the information sought to be discovered reflected attorney opinion work product. The Court granted the Commission's motion for a protective order, notwithstanding the defendant's claim that it only sought the factual basis for the Commission's claim: "As defendant well knows, it is the selection and compilation of the relevant facts that is at the heart of the work product doctrine." *HBE Corporation*, 157 F.R.D. at 466. Similarly, in *Morelli*, the Court granted the SEC's motion for a protective order precluding a Rule 30(b)(6) deposition in its entirety (despite the defendant's claim that it was willing to depose investigative staff, and not attorneys) on work product grounds. The court reasoned:

> Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses. Such material is accorded almost absolute protection from discovery.

*Morelli*, 143 F.R.D. at 46 (citing cases extending the protection to "counsel's ordering of the 'facts', referring to the prospective proofs, organizing, aligning, and marshaling empirical data . . . that is the hallmark of the adversary enterprise").

Here, as in *Morelli*, EEOC has provided Defendant all of the non-privileged information gathered during the EEOC's investigation.  There is nothing that an EEOC employee can offer as testimony, except privileged information regarding EEOC's deliberative process or an

explanation of how EEOC's litigation attorneys view the evidence.  Neither is an appropriate

purpose for deposing the EEOC and Defendant must not be allowed such "discovery".

     E.     **Defendant Seeks to Inquire Into EEOC's Privileged Communications With Class Members.**

     Courts have repeatedly protected communications between EEOC and the aggrieved

individuals for whom it seeks relief.  The statutes enforced by EEOC, including Title VII,

specifically provide for class members' reliance on EEOC to pursue their interests. Accordingly,

in *EEOC v.Georgia Pacific Corp.*, 1975 WL 267, 11 Fair Empl. Prac. Cas. (BNA) 722 (D. Or.

1975) (unpublished opinion attached at Exhibit 3), the court denied defendant's motion to

compel production of "writings concerning, reflecting or stating" communications between

EEOC and Charging Party.  In denying defendant's motion, the court stated that "an essential

element in the pursuit of a private litigant's rights under section 706(i) [of Title VII] is the

representation of that litigant by the EEOC's litigation staff." *Id.* at 724. The *Georgia Pacific*

court concluded that "all elements necessary to invoke the attorney-client privilege" were

present. *Id. See also EEOC v. Chemtech Int'l Corp.*, 1995 WL 608333 at *1-2 (S.D. Tex. 1995)

(unpublished opinion attached at Exhibit 4) (denying Defendant's motion to compel documents

containing communications between EEOC and private individual based on attorney-client

privilege); *EEOC v. HBE Corp.*, 64 Fair Empl. Prac. Cas. (BNA) 1518, 1519-20 (E. D. Mo.

1994) (unpublished opinion attached at Exhibit 5) (denying Defendant's motion to compel

deposition testimony regarding communications between EEOC and private individual based on

application of attorney-client and common interest privileges); *EEOC v. International Profit

Associates,Inc.,* 206 F.R.D. 215, 219 (N. D. Ill. 2002) (holding that "[c]ommunications between

prospective class members and EEOC counsel and their agents are protected from disclosure by

the attorney client privilege"); *EEOC v. Chemsico,* 203 F.R.D. 432 (E. D. Mo. 2001) (holding

that information requested by defendant in discovery, including private individual's communications with EEOC's attorney, identity of persons who made statements to EEOC's attorney or agents, and notes prepared by EEOC attorney or agents regarding statements made by private individual are protected by the attorney-client privilege); *EEOC v. Mitsubishi Motor Mfg. Of America, Inc.,* No. 96-1192, slip op. at 6, 7 (C.D. Ill. Oct. 23, 1997) (Order attached at Exhibit 6) (holding that "an attorney has the right to freely communicate with her client with reference to proposed and pending litigation, and this includes the EEOC when it brings a Title VII action on behalf of certain known persons who have or may claim that they have been sexually discriminated against by their employer"); *Gormin v. Brown-Forman Corp.*, 133 F.R.D. 50 (M. D. Fla. 1990) (holding that written communications between EEOC staff and private individual are privileged because individual intended to seek legal advice and expected that her communications would remain confidential).  All of these courts have recognized that the communications between EEOC and class members are subject to the same protections as the communications individuals would have private counsel.

While the December 22, 2006 deadline for the Commission to identify class members has not yet arrived (Dkt. #49) and the identification process is ongoing, and in light of this Court's October 4, 2006 ruling on the Commission Motion for Protective Order prohibiting Defendant's *ex* parte contact with class members (Dkt. #39), the individuals known to the Commission to date have explicitly requested that the EEOC act on their behalf in this lawsuit. (Dkt. #39)  EEOC v. Int'l Profit Associates, Inc., 206 F.R.D. 215, 218 (N.D. Ill. 2002), EEOC v. Johnson & Higgins, Inc., 1998 WL 778369 at *4 (S.D.N.Y. Nov. 6, 1998); EEOC v. Chemtech Int'l Corp., 1995 WL 608333 at *2 (S.D. Tex. May 17, 1995); EEOC v. GeorgiaPacific Corp., 1975 WL 267 (D. Ore. Nov. 10, 1975). Thus, to the extent Defendant seeks deposition testimony regarding

communications between the EEOC and class members, such communications are protected by the attorney-client privilege.

**F.      EEOC Cannot Disclose Information Regarding Conciliation, Without a Waiver From Mr. Ricks, Which Has Not Been Provided.**

Pursuant to Title VII, when the Commission makes a reasonable cause determination, it is obligated to attempt to resolve charges of discrimination through informal means before filing suit in U.S. District Court, a process generally referred to as "conciliation." 42 U.S.C. §2000e-5(b); *EEOC v. Prudential Federal Savings and Loan Assn.*, 763 F.2d 1166, 1169 (10th Cir. 1985). Title VII also prohibits the EEOC from disclosing information about what transpires during conciliation without a written waiver from the parties. *Id.* ("Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.") The penalties for disclosure of such information by EEOC employees include fines up to $1,000 and up to one year in prison. *Id.* Because Mr. Ricks has not waived confidentiality, any EEOC employee designated to provide testimony regarding conciliation efforts in this matter would be subjected to criminal and civil penalties.

**G.      EEOC Training at the Distribution Center is Irrelevant.**

Defendant seeks testimony regarding any training conducted by the EEOC at the Distribution Center since 1990.[2] Clearly, Defendant is claiming ignorance of the law and is seeking to shift the blame for their discriminatory practices to the EEOC for not "ensuring" that Defendants fulfilled their obligations under Title VII. Such a defense is not legally cognizable, is simply not relevant to the issues of this lawsuit, and is merely yet another attempt by Defendant to harass the Plaintiff.

---

[2] The Complaint alleges violations of Title VII from 1995 to the present.

**H.     Defendant Seeks to Inquire About A Non-Existent Retaliation Claim.**

To the extent Defendant is seeking deposition testimony for a retaliation claim *not* pled in the Complaint (Dkt. #2), any information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  For Defendant to argue that information regarding allegations not even asserted by the Commission is a proper or permissible inquiry pursuant to the Federal Rules is questionable at best and serves no legitimate litigation purpose.

**IV.     CONCLUSION**

There is no legitimate litigation purpose need for the deposition of the Commission in this case.   First, the administrative files contain all records of any communication between the EEOC's Denver Field Office Enforcement Unit and the Charging Party or any other witnesses during the investigation, as well as any additional factual material compiled during the EEOC investigation.  No Commission employee has first-hand knowledge of the fact underlying the charge or defenses raised by Defendant in its Answer. Second, the EEOC is prohibited from disclosing information from investigations of closed, unrelated charges of discrimination.  Third, information probing the EEOC's deliberative process and/or the mental processes of EEOC attorneys are privileged, as are communications with identified class members who have sought EEOC representation.  Fourth, the Commission is prohibited by law from disclosing information regarding the conciliation process.  Finally, any information regarding training conducted by the EEOC at the Distribution Center and information regarding non-existent claims does not relate to any claim or defense of any party nor is it likely to lead to the discovery of admissible evidence. The Commission requests that the Court grant its motion and order that the deposition not take place

Dated:  December 17, 2006

Respectfully submitted,

MARY JO O'NEILL
Regional Attorney

NANCY A. WEEKS
Supervisory Trial Attorney

Rita Byrnes Kittle
Senior Trial Attorney

*s/ Kim R. Rogers*
KIM R. ROGERS
Trial Attorney
(303) 866-1361

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Denver Field Office
303 E. 17th Ave., Suite 510
Denver, CO 80203

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 17, 2006, a true and correct copy of the **PLAINTIFF'S EEOC'S MOTION FOR PROTECTIVE ORDER** was filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Naomi Young
Lawrence Gartner
Baker & Hostetler
333 S. Grand Ave., Suite 1800
Los Angeles, CA 90071
nyoung@bakerlaw.com
lgartner@bakerlaw.com

Richard Mandelson
Baker & Hostetler
303 E. 17th Ave., Ste. 1100
Denver, CO  80203
rmandelson@bakerlaw.com