IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01273-WYD-BNB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

ALBERTSON'S LLC, f/k/a Albertson's, Inc.,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's EEOC's Motion for Protective Order** [Doc. # 54, filed 12/17/2006] (the "Motion for Protective Order").  The motion seeks an order that the discovery sought through Albertson's Rule 30(b)(6) deposition notice on the EEOC not be had.  The Motion for Protective Order is GRANTED IN PART and DENIED IN PART, as specified.

Albertson's Rule 30(b)(6) deposition notice lists 21 matters on which examination is requested.  The EEOC opposes every category.

**Categories 1-2 and 19-20**

The first two categories specified in the Rule 30(b)(6) deposition notice request that the EEOC produce a witness to testify about the following:

> 1.  Factual information that supports or rebuts the claim by the EEOC that Albertson's subjected any past or present employee at the Albertson's distribution center in Aurora, Colorado . . . to disparate terms and condition of employment based upon his/her race, color, and/or national origin.

> 2. Factual information that supports or rebuts the claim by the
> EEOC that Albertson's subjected any past or present employee at
> the Distribution Center to a hostile work environment because of
> his/her race, color, and/or national origin.

Exhibit 2 to Motion for Protective Order [Doc. # 54-3] (the "Rule 30(b)(6) Notice") at ¶¶1-2.  In addition, Categories 19 and 20 of the *Rule 30(b)(6) Notice* request a witness to testify about the following:

> 19. Factual information which supports the relief sought by the
> EEOC in this action, including but not limited to punitive and
> injunctive relief.
>
> 20. Factual information that supports or rebuts the claim of any
> potential claimant in this action.

Id. at ¶¶19-20.

      The EEOC argues that the information sought is irrelevant because it is intended to probe the adequacy of the EEOC's investigation and would "saddle every discrimination case with a mini-trial into the sufficiency of the evidence supporting a Commission determination. . . ." *Motion for Protective Order* at pp.4-5.  The EEOC also claims that it has provided its investigation file to Albertson's and that testimony by the EEOC would be cumulative of the contents of the file.  Id. at p.6.

      Albertson's responds that the information called for by these categories of the *Rule 30(b)(6) Notice* concerns "factual information relating to the EEOC's claims in this lawsuit. . . ." *Defendant Albertson's LLC's Opposition to Plaintiff EEOC's Motion for a Protective Order* [Doc. # 61, filed 1/12/2007] (the "Response") at p.5.

The complaint alleges that the Albertson's distribution center is a hostile work environment where employees are subjected to harassment based on race and national origin and that employees at the distribution center are subjected to disparate treatment based on their race, color, and national origin. *Complaint* [Doc. #1, filed 6/30/2007] at pp.3, 5. Albertson's is entitled to conduct discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Categories 1-2 and 19-20 of the *Rule 30(b)(6) Notice* seek information that is obviously relevant. Nor must Albertson's be content with the EEOC's investigation file. For example, Albertson's may ask what documents were reviewed in the course of the EEOC investigation and what documents evidence that there is discrimination at the distribution center; or Albertson's might ask the identity of persons the EEOC believes have knowledge about the claimed discrimination. The answers to these questions may or may not be in the investigation file, or the information in the investigation file may not be complete.

The EEOC also claims that these categories seek information protected from discovery by the attorney work product doctrine and the deliberative process privilege. As Albertson's points out, however, "not a single question has been asked at deposition. . . ." *Response* at p.7.

The Tenth Circuit Court of Appeals has disapproved the use of a blanket assertion of privilege, holding:

> A general refusal to cooperate [in discovery] is not enough. [A lawyer asserting a privilege] must normally raise the privilege as to each record sought and each question asked so that . . . the court can rule with specificity.

<u>United States v. Hodgson</u>, 492 F.2d 1175, 1177 (10th Cir. 1974); see <u>In re Grand Jury Subpoena</u>, 697 F.2d 277, 279 n.1 (10th Cir. 1983)(noting that the Tenth Circuit has "explicitly condemned . . . a blanket assertion" of privilege, citing <u>United States v. Hodgson</u>).

Even the cases cited by the EEOC recognize that some factual discovery may be proper by way of a Rule 30(b)(6) deposition directed at the EEOC. In <u>EEOC v. American Int'l Group, Inc.</u>, 1994 WL 376052 (S.D.N.Y. July 18, 1994), for example, the court ordered the EEOC to produce a witness to answer questions concerning (1) the interviews conducted during the investigation and (2) documents and other material reviewed by the deponent in preparation for the deposition, noting:

> The disclosure of this information [who was interviewed and what the deponent did to refresh his recollection of the facts in the case] does not reveal the agency's trial strategy or its analysis of the case. For example, knowing who was interviewed does not intrude upon the mental impressions of the attorney. Presumably, the interview process in an investigation includes people and information which will be discarded as the attorney begins the analysis and plans strategy. Similarly, what information a witness reviews in preparation for a deposition does not reveal the thought processes of the attorneys. Documents are reviewed by a deponent for many reasons. There is a distinct difference between asking what was reviewed as opposed to why it was reviewed.

<u>Id</u>. at *3.

The Motion for Protective Order is DENIED with respect to Categories 1-2 and 19-20 insofar as it seeks a blanket protective order. The EEOC is free during the deposition to assert objections to specific questions, if necessary, to preserve a privilege.

**Categories 4-8, 13-15, and 21**

The *Rule 30(b)(6) Notice* requests that the EEOC produce a witness to testify about the following:

> 4. Communications to the EEOC since 1990 from any past or present employee at the Distribution Center, or on his/her behalf, referring or relating to Albertson's.
>
> 5. Communications by the EEOC since 1990 with any past or present employee at the Distribution Center (including any of their attorneys, agents or representatives) referring or relating to Albertson's.
>
> 6. The investigation by the EEOC of charges purportedly filed by Matthew Ricks with the EEOC, including charge numbers 320A200925, 230-2004-01187 and 320-2004-02530.
>
> 7. The contents of all investigative files maintained by the EEOC since 1990 pertaining to any charges of discrimination filed against Albertson's by any past or present employee at the Distribution Center.
>
> 8. Investigations by the EEOC since 1990 into all charges of alleged discrimination filed against Albertson's by any past or present employee at the Distribution Center.
>
> \* \* \*
>
> 13. Communications between the EEOC and Albertson's since 1990 concerning any alleged violations of Title VII at any Albertson's facility in the State of Colorado.
>
> 14. Statements obtained by the EEOC since 1990 from any past or present employee at the Distribution Center referring or relating to Albertson's.
>
> 15. Communications between the EEOC and the Colorado Civil Rights Division since 1990 referring to Albertson's.

*Rule 30(b)(6) Notice*, at ¶¶4-8 and13-15.

I will begin with Category 21. Local rule of practice 37.1, D.C.COLO.LCivR, requires that discovery requests that are the subject of motions to compel or for protective order be set forth verbatim. The Motion for Protective Order fails to provide the text of Category 21, and the response contains only a redacted version of the request. *Response* at pp.5-6 n.2. The Motion for Protective Order is DENIED with respect to Category 21 for failure to comply with D.C.COLO.LCivR 37.1.

The EEOC argues that it cannot provide testimony on these categories because they involve closed and unrelated charges. According to the EEOC, it is "precluded by law from disclosing the existence of any such charges, absent a written waiver from both the Charging Party and the Respondent," citing 42 U.S.C. §§ 2000e-5(b) and 8(e).

The EEOC's argument lacks merit. Section 2000e-5, 42U.S.C., states that "[c]harges shall not be made <u>public</u> by the Commission," and section 2000e-8(e) imposes penalties on EEOC officers or employees who "make <u>public</u> in any manner" certain information obtained by the EEOC. (Emphasis added.) Courts construing these provisions, including the United States Supreme Court, have made clear that the term "public" does not include either the charging party or the employer. As the Supreme Court said in <u>EEOC v. Associated Dry Goods Corp.</u>, 449 U.S. 590, 596-98 (1981):

> Title VII nowhere defines "public."
> 
> \* \* \*
> 
> Congress did not include charging parties within the "public" to whom disclosure of confidential information is illegal under the provisions of Title VII here at issue [citing 42 U.S.C. § 2000e-5(b)]. The charge, of course, cannot be concealed from the charging party. Nor can it be concealed from the respondent, since the statute also expressly requires the Commission to serve notice of the charge upon the respondent within 10 days of its filing. . . .

> Thus, the "public" to whom the statute forbids disclosure of charges cannot logically include the parties to the agency proceeding. And we must infer that Congress intended the same distinction when it used the word "public in § 709(e), 42 U.S.C. § 2000e-8(e).

In addition, should the EEOC deem it necessary, I will condition the Rule 30(b)(6) deposition on the entry of a protective order limiting the dissemination of confidential information learned in the deposition to appropriate persons. See Gillard v. Boulder Valley School Dist., 196 F.R.D. 382 (D. Colo. 2000).

Because the only reason advanced by the EEOC for a protective order with respect to Categories 7-8 and 13-15 is the privacy argument under 42 U.S.C. §§ 2000e-5(b) and 8(e), which I find lacks merit, the Motion for Protective Order is DENIED with respect to those categories.

With respect to Categories 4-6, the EEOC also seeks a protective order arguing that the information is subject to the EEOC's deliberative process privilege and the attorney work product immunity. As noted earlier, however, no questions have been asked at any deposition, and the Tenth Circuit has expressly condemned such a blanket assertion of privilege. In re Grand Jury Subpoena, 697 F.2d at 279 n.1; Hodgson, 492 F.2d at 1177. Consequently, neither of the EEOC's bases for seeking a protective order justifies the relief sought at this time, and the Motion for Protective Order is DENIED with respect to Categories 4-6. Here again, however, the EEOC is free during the deposition to assert objections to specific questions, if necessary, to preserve a privilege.

I do not agree, however, that the EEOC must provide testimony about events dating back more than 17 years. The complaint alleges that Albertson's has engaged in unlawful employment

practices at its distribution center since 1995. *Complaint* at ¶8. Consequently, I will limit the scope of the Rule 30(b)(6) Notice to events occurring on or after January 1, 1995.

**Category 3**

Category 3 of the *Rule 30(b)(6) Notice* requests that the EEOC produce a witness to testify about the following:

> 3. Factual information that supports or rebuts the claim by the EEOC that Albertson's discriminated against any past or present employee at the Distribution Center because he/she has opposed any practice made an unlawful employment practice by Title VII or because he/she had made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII.

*Rule 30(b)(6) Notice* at ¶3.

The EEOC correctly states that there is no claim for retaliation made in the complaint. Absent such a claim, evidence concerning retaliation, if any, is irrelevant and not subject to discovery under Rule 26.

The Motion for Protective Order is GRANTED with respect to Category 3.

**Categories 17-18**

The *Rule 30(b)(6) Notice* requests that the EEOC produce a witness to testify about the following:

> 17. Documents produced by the EEOC pursuant to its Rule 26 obligations and/or in response to Albertson's Request(s) for Production of Documents.
>
> 18. Contents of and information set forth in the EEOC's initial disclosures pursuant to Rule 26.

*Rule 30(b)(6) Notice* at ¶¶17-18.

The EEOC seeks a protective order that this discovery not be had because it improperly probes "the EEOC's deliberative process and/or the mental processes of EEOC attorneys." *Motion for Protective Order* at p.2. I cannot agree that the EEOC has shown the existence of a privilege where, as here, there has not been a single question asked. For example, I see no problem with an inquiry by Albertson's about the origin of the documents disclosed, or probing the thoroughness of the attempt by the EEOC to locate responsive documents. Similarly, inquiry about the nature of information an identified witness may possess does not appear to me to be objectionable. Consequently, the EEOC's blanket assertion of privilege is unfounded, see Hodgson, 492 F.2d at 1177, and the Motion for Protective Order is DENIED at this time with respect to Categories 17-18. The EEOC is free during the deposition to assert objections to specific questions, if necessary, to preserve a privilege.

**Categories 9-11**

The *Rule 30(b)(6) Notice* requests that the EEOC produce a witness to testify about the following:

> 9. The identity of any past or present employee at the Distribution Center whom the EEOC claims to represent in this action and the basis for the EEOC's claim of representation.
>
> 10. Communications between the EEOC and potential claimants since 1990 regarding the possibility that the Commission's and the claimant's interests may diverge during litigation.
>
> 11. Communications between the EEOC and potential claimants since 1990 regarding consent to representation by the EEOC pursuant to Rule 1.7 of the Colorado Rules of Professional Conduct.

*Rule 30(b)(6) Notice* at ¶¶9-11.

The EEOC objects to these categories, arguing that such inquiry will invade the attorney-client privilege. *Motion for Protective Order* at pp.12-14.

Information responsive to Category 9, which seeks testimony about who the EEOC represents and the bases for that assertion, is not privileged. To the contrary, numerous cases have held that the EEOC bears the burden of establishing which allegedly aggrieved parties it represents and the bases upon which the EEOC claims to have an attorney-client relationship with the party. For example, in EEOC v. Int'l Profit Associates, Inc., 206 F.R.D. 215 (N.D. Ill. 2002), the court found that certain allegedly aggrieved employees had established an attorney-client relationship with the EEOC. In doing so, however, the court did not rely merely on the fact that the EEOC claimed that the particular employees were among the allegedly aggrieved parties; instead, the court noted that the women had "contacted the EEOC via returned questionnaires or telephone calls" and that "each woman identified as a class member was asked if she wished the EEOC to act in her behalf in this lawsuit and each class member replied in the affirmative." Id. at 218. Accord EEOC v. Johnson & Higgins, Inc., 1998 WL 778369 *4 (S.D.N.Y. Nov. 6, 1998) (holding that in connection with an EEOC enforcement action "[w]hether a privileged attorney-client relationship exists rests upon the client's intent to seek legal advice and the client's belief that he is consulting an attorney. . . . The burden of sustaining the privilege is on the proponent-- here, the EEOC"); EEOC v. Chemtech Int'l Corp., 1995 WL 608333 *2 (S.D. Tex. May 17, 1995) (finding that an attorney-client relationship existed between an aggrieved party and the EEOC based on an affidavit from the client stating that he believed that an attorney-client relationship existed); EEOC v. Georgia-Pacific Corp., 1975 WL 267 (D. Ore. Nov. 10, 1975)(finding an attorney-client relationship based on the contents of the client's letters clearly

indicating that she was contacting the EEOC litigation center for expert legal advice and that she expected her communications to remain confidential).  The Motion for Protective Order is DENIED with respect to Category 9.

Categories 10-11 are different.  The communications which Albertson's seeks to probe may be privileged with respect to any allegedly aggrieved party which the EEOC represents, at least as to any such communications which occurred after the representation was established. Ultimately, however, the issue of the existence of a privilege turns on the questions asked and the relationship between the EEOC and the allegedly aggrieved party.  Consequently, the Motion for Protective Order is DENIED to the extent that it seeks a blanket protective order; however, the EEOC is free to assert the existence of an attorney-client privilege and refuse to answer improper questions on a question-by-question basis, if such an objection is warranted.

In addition, I will limit the inquiry under Categories 10 and 11 to the period of time from January 1, 1995, to the present.

**Category 16**

Category 16 of the *Rule 30(b)(6) Notice* requests that the EEOC produce a witness to testify about the following:

> 16.  Efforts by the EEOC to conciliate the matters alleged in this action.

*Rule 30(b)(6) Notice* at ¶16.

The EEOC claims that this information is privileged and cannot be produced "without the written consent of the persons concerned."  *Motion for Protective Order* at p.14.  In support of its argument, the EEOC points to the following language in 42 U.S.C. § 2000e-5(b):

11

> If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

(Emphasis added.)[1]

As noted earlier, see pp.6-7 supra, courts construing § 2000e-5(b) have made it clear that the term "public" as used in that statute does not include either the charging party or the employer. See Associated Dry Goods Corp., 449 U.S. at 596-98 (holding that "the 'public' to whom the statute forbids disclosure of charges cannot logically include the parties to the agency proceeding"). The EEOC's privilege argument under 42 U.S.C. § 2000e-5(b) therefore lacks merit. The Motion for Protective Order is DENIED with respect to Category 16.

**Category 12**

Category 12 of the *Rule 30(b)(6) Notice* requests that the EEOC produce a witness to testify about the following:

> 12. Training provided by any EEOC employee since 1990 to any past or present employee at the Distribution Center.

*Rule 30(b)(6) Notice* at ¶12.

---

[1] The EEOC's citation to EEOC v. Prudential Federal Savings & Loan Ass'n, 763 F.2d 1166 (10th Cir. 1985), provides no support for the proposition that matters concerning conciliation are privileged and not discoverable. To the contrary, the case describes the nature of the conciliation efforts and the parties' positions taken during the conciliation. Id. at 1169 (noting that Prudential refused to undertake any significant dialogue, rejected outright the EEOC's initial settlement proposals, and thereafter failed to respond or negotiate).

The EEOC seeks a protective order with respect to this category, arguing:

> Clearly, [Albertson's] is claiming ignorance of the law and is seeking to shift the blame for their discriminatory practices to the EEOC for not "ensuring" that [Albertson's] fulfilled their obligations under Title VII. Such a defense is not legally cognizable, is simply not relevant t the issues of this lawsuit, and is merely yet another attempt by [Albertson's] to harass the [EEOC].

*Motion for Protective Order* at p.14.  Albertson's responds that the EEOC seeks as part of the remedy to be awarded an order that Albertson's "provide training to its officers, managers, and employees regarding discriminatory [sic], harassment and retaliation in the workplace." *Response* at p.14. Consequently, according to Albertson's, discovery regarding training "is clearly relevant to the propriety of the relief that the EEOC is seeking. . . ." Id. at pp.14-15.

I agree that the issue of training may have some marginal relevance to the matters raised in this case. Consequently, the Motion for Protective Order is DENIED with respect to Category 12.

IT IS ORDERED that the Motion for Protective Order is GRANTED IN PART and DENIED IN PART as follows:

GRANTED with respect to Category 3. That discovery shall not be had;

GRANTED to limit the time frame covered by Categories 4, 5, 7, 8, 10, 11, 12, 13, 14, and 15 to the period from January 1, 1995; and

DENIED in all other respects.

Dated May 1, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge