**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  06-CV-01273-WYD-BNB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

  v.

ALBERTSON'S LLC, f/k/a Albertson's, Inc.,

    Defendant.

**[PROPOSED] STIPULATION AND PROTECTIVE ORDER REGARDING THE USE AND
DISSEMINATION OF CONFIDENTIAL INFORMATION**

Defendant Albertson's LLC ("Albertson's") and Plaintiff Equal Employment Opportunity Commission ("EEOC") (collectively, the "Stipulating Parties") through their respective counsel of record, hereby agree and stipulate to the following:

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests, such as: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7); and (c) medical, financial, or tax records of individual Claimants. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case, however, neither party is prevented from the continued use of documents in the regular course and scope of its business that were already in its possession.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) Plaintiff and Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents;

(h) witnesses, or potential witnesses, except that the EEOC will not share the personnel files of current and former Albertson's LLC's employees or financial records with other current or former Albertson's LLC's employees and will not share confidential management training materials with non-management employees; and

(i) other persons by written agreement of the parties.

     5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and explain the person's obligations under the Protective Order.  For all persons other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and deponents (other than claimants in this lawsuit), counsel shall obtain from such person a written acknowledgment of Confidentiality attached as Exhibit A to this Stipulation. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

     6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

     7.  Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in

good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Stipulated Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings or motions, or at trial, or in post trial motions or proceedings, provided that all such uses be related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL documents may be used, this Stipulated Protective Order does not waive any right of any party to file a motion under D.C.COLO.LCivR 7.2 to seal all or a portion of papers and documents filed with the Court. In addition, the parties agree to comply with D.C.COLO.LCivR 7.3 regarding procedures for filing papers and documents under seal for any documents that are marked CONFIDENTIAL.

11. Within thirty days after receipt of written notice of the final disposition of the lawsuit, whether by judgment, exhaustion of all appeals, or by settlement, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, provided, however, that counsel for each party may retain copies of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after reasonable written notice to counsel for the party that produced the documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12.	This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED

DATED June 25, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge

Case 1:06-cv-01273-CMA-BNB   Document 125   Filed 06/25/07   USDC Colorado   Page 6 of 8

APPROVED AS TO FORM:

s/ ▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮
Rita Byrnes Kittle
Senior Trial Attorney
Telephone:  303.866.1347
Fax:  303.866.1375
Email:  rita.kittle@eeoc.gov

Kim R. Rogers
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Denver Field Office
303 E. 17th Ave., Suite 510
Denver, CO 80203

s/  Lawrence J. Gartner
Lawrence J. Gartner
Naomi Young
KAUFF, MCCLAIN, & MCGUIRE, LLP
Los Angeles, CA 90067
Telephone: (310) 277-7550
Facsimile: (310) 277-7525
gartner@kmm.com

BAKER & HOSTETLER LLP
Richard S. Mandelson
303 East 17th Avenue, Suite 1100
Denver, CO 80203
Telephone: (303) 861-0600
Facsimile: (303) 861-7805
rmandelson@bakerlaw.com

Attorneys for Defendant

# EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT OF CONFIDENTIALITY

I, _____, have read and fully understand the "Stipulation And Order Regarding The Use And Dissemination Of Confidential Information" produced by _____ in *EEOC v. Albertson's LLC,* Civil Action No. 06-CV-01273-WYD-BNB of the United States District Court, for the District of Colorado (the "Protective Order").  I agree to comply with and be bound by the Protective Order.  I agree that I will not disclose any Confidential Information, as defined in the Protective Order, to any persons or in any manner not specifically authorized by the Protective Order, and I agree that I will not copy, use or disclose any Confidential Information except solely in connection with the case referenced above.

Signed:_____

117181.v4