IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01273-WYD-BNB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

CHRISTOPHER ADAMS,
JAMES BAXTER,
JAMES STEADHAM,
LUIS SOLIS GONZALES, and
NATE VALENTINE,

Intervenors,

v.

ALBERTSON'S LLC, f/k/a Albertson's, Inc.,

    Defendant.

---

**ORDER OVERRULING OBJECTION TO ORDER OF MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on the Equal Employment Opportunity Commission's ["EEOC"] Objection Pursuant to Fed.R.Civ.P. 72(a) to Decision of Magistrate Judge on Defendant's Motion to Compel Information Related to Commissioner's Charge (filed January 29, 2008). Defendant Albertson's LLC ["Defendant" or "Albertson's"] filed a response to the Objection on February 8, 2008. A hearing was held on this Objection on Wednesday, February 13, 2008. For the reasons stated below, EEOC's Objection is overruled and the January 14, 2008, Order of Magistrate Judge Boland is affirmed.

I.  BACKGROUND

This is a public enforcement action to correct the alleged unlawful employment practices of Albertson's related to maintaining a hostile work environment and subjecting individuals to disparate terms and conditions based on race, color and/or national origin. EEOC seeks through the action to provide appropriate relief to a class of individuals allegedly adversely impacted by such practices; namely, Albertson's employees at the Distribution Center in Aurora, Colorado. Certain of these employees were allowed to intervene in the case and have filed Intervenor Complaints.

Albertson's filed two motions to compel related to discovery disputes in December 2007. One of the motions sought an order for the EEOC to provide complete responses to certain document requests and to produce 22 boxes of documents relating to a closed 1991 Charge by the Commissioner of the EEOC against Albertson's. (*See* Def. Albertson's, Inc.'s Second Mot. for an Order Compelling the EEOC to Produce Documents and for an Order Awarding Sanctions, hereinafter referred to as the "Motion to Compel 22 Boxes.")[1] This lawsuit involves the time frame 1995 to the present, while the 1991 Charge covered a period of 1991 through 2001. Thus, there is an overlap of approximately six years between the 1991 Charge and the time frame at issue in this case.

Defendant contends that the 1991 Charge dealt with the same allegations and facts at issue in this case. Defendant also contends that its Distribution Center which is the focus of this case was involved in the prior charge, and that an EEOC designee,

---

[1] The 1991 Charge was settled in 2001 and did not result in the filing of a lawsuit.

Elizabeth Frank, testified in her deposition that she obtained information from the Distribution Center in her investigation of that charge. In fact, Defendant contends that Ms. Frank testified that she reviewed seven (7) boxes of materials from that charge in preparation for her deposition. According to Defendant, she also testified that the boxes contained evidence of Title VII violations at the Distribution Center as of April 2000, which is part of the time period covered in this case. EEOC disputes this.

On January 14, 2008, after a hearing on Defendant's motions to compel, Magistrate Judge Boland issued an Order granting in part and denying in part Defendant's Motion to Compel 22 Boxes. Specifically, he granted the motion to the extent it sought the production of the 22 documents from the 1991 Charge and denied the motion to the extent it sought sanctions. He ruled that the EEOC shall make this discovery available to Defendant on or before February 14, 2008.

As grounds for his ruling, Magistrate Judge Boland found that the requested information in the 22 boxes either is relevant to or is reasonably likely to lead to the discovery of admissible evidence, and so, therefore, is within the reach of discovery in this case. Transcript ["Tr."] of January 14, 2008, Hearing at 53. He further stated, "[o]ne need think no harder than my hypothetical through the documents for privilege and work product." *Id.*[2] He found no special burden in production of the documents

---

[2] The hypothetical question involved the recognition that there is an overlap in time between the 1991 Charge and this case. Tr. at 40. Magistrate Judge Boland posed the following hypothetical question to the EEOC, "Now, suppose Joe Jones was interviewed during the commissioner's charge investigation and said: You know, I've never seen any graffiti. And now in this lawsuit, you interviewed Joe Jones and he said: You know, the place was just full of graffiti as long as I've been working there. Isn't that relevant and shouldn't Albertson's be allowed to explore to see if that kind of inconsistency or other evidence exists?" *Id.* The EEOC agreed that if such a statement existed, it could be relevant to some of the claims. *Id.* However, it argued in the hearing that attempting to locate any such statement

and stated, "on balance I find that the information is discoverable, not subject to a privilege and that there is no undue burden. I'll order the 22 boxes produced subject to the right to search them for privilege and attorney -- and work product and order the documents produced 30 days from today." *Id.*

Magistrate Judge Boland also ruled (consistent with a prior ruling) that Defendant is not the "public" referenced in 42 U.S.C. § 2000e-8(e) (as relied on by the EEOC) because it was the party to both the 1991 charge and the charge at issue in this case. Tr. at 45. EEOC responded that its regulations do not allow a charging party or respondent access to a closed charge which cannot lead to a lawsuit. *Id.* Magistrate Judge Boland rejected this argument as a basis to withhold the boxes, stating,

> I am not persuaded that the 22 boxes are subject to any privilege. I don't understand the EEOC"s argument beyond the public argument, and I've already rejected the public argument. Albertson's was a party to both the commissioner's charge and to this charge is not a member of the public, and so, therefore, the privilege doesn't attain.

Tr. at 53.

On January 29, 2008, the EEOC filed objections to the portion of Magistrate Judge Boland's ruling of January 14, 2008, which granted the Motion to Compel 22 Boxes. The EEOC also filed a motion to stay enforcement of that part of Magistrate Judge Boland's Order. By Minute Order of January 29, 2008, I granted the motion to stay and set the hearing on this issue. Defendant filed its response to EEOC's Objections on February 8, 2008.

---

in 22 boxes of documents was akin to a fishing expedition. *Id.* at 41-42.

II.     EEOC's OBJECTION

EEOC's objection asserts that this litigation is not related to the closed 1991 Charge against Defendant (which was settled in 2001), but relates to charges filed by Matthew Ricks. The charges filed by Mr. Ricks in 2004 were filed on behalf of himself and other employees similarly situated relating to alleged violations of Title VII at the Distribution Center. In 2005, as a result of investigating the Ricks charges, EEOC determined there was reasonable cause to believe Defendant had engaged in harassment and had maintained a hostile work environment against minority employees at the Distribution Center in Aurora, Colorado.

EEOC asserts that the 1991 Charge covered all Albertson's facilities (not just the Distribution Center) and primarily focused on Albertson's failure to promote women in retail grocery stores. The settlement specifically states that it does not apply to the Distribution Center. EEOC contends that after the charge was resolved, the investigative files were boxed and sent to storage. Since then and until recently in this case, no EEOC attorney or representative reviewed any records in these closed files.

Early in this case, EEOC asserts that Defendant sought to depose the EEOC on various matters, including the closed 1991 Charge. EEOC sought a protective order to prohibit such a deposition and to oppose inquiry as to the 1991 Charge. Magistrate Judge Boland, relying on *Equal Employment Opportunity Comm'n v. Associated Dry Goods Corp.*, 449 U.S. 590 (1981), allowed the EEOC deposition to go forward. EEOC contends that Magistrate Judge Boland misread the *Associated Dry Goods* case.

Pursuant to the Court's order, EEOC presented a witness competent to testify about the Commissioner's charge investigation. The EEOC designee, Ms. Frank, supervised the investigation of the 1991 Charge. Prior to her deposition, EEOC asserts that Ms. Frank retrieved from storage seven (7) of the 22 boxes related to the closed 1991 charge in an unsuccessful effort to locate records related to the Distribution Center. EEOC states that despite spending several hours looking through the files, Ms. Frank was unable to isolate any information related to the allegations in this case.

EEOC argues that de novo review of the magistrate judge's decision is appropriate as the order involves matters of law which are reviewed on a "contrary to law" standard. EEOC also argues that this litigation is not based on the closed charge involving the 22 boxes of information. EEOC further asserts that Magistrate Judge Boland's Order should be vacated because (1) he erred in concluding that 42 U.S.C. § 2000e-8(e) (Section 709(e) of Title VII) does not prohibit production of the documents in the closed Commissioner's charge; (2) the production of the 22 boxes of a closed charge investigation will interfere with the EEOC accomplishing its statutory duty and will misuse its resources—also, abrogation of the EEOC's long-standing policy against disclosure of closed charge files is contrary to the public interest; (3) any marginal relevance of the discovery is outweighed by the prejudice to the EEOC; and (4) FED. R. EVID. 612 does not support the Rule 34 request because Ms. Frank did not refresh her memory with documents in the 22 boxes.

III. ANALYSIS

   A. Standard of Review

Since EEOC filed a timely Objection, I must review Magistrate Judge Boland's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. FED. R. CIV. P. 72(a). "[T]he clearly erroneous standard applies to factual findings . . . and requires that the district court affirm unless it is left with the 'definite and firm conviction that a mistake has been committed.'" *Williams v. Sprint/United Management Co.*, 238 F.R.D. 633, 637 (D. Kan. 2006) (quoting *Ocelot Oil Corp. v. Sparrow Industry*, 847 F.2d 1458, 1464) (further quotations omitted).

"By contrast, the 'contrary to law' standard permits 'plenary review as to matters of law.'" *Id.* (quotation omitted); *cf. Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (review of questions of law are *de novo*—the court "owes no deference to the magistrate's legal conclusions and may substitute its own judgment on questions of law"). I find that Magistrate Judge Boland's Order of January 14, 2008, is neither clearly erroneous nor contrary to law for the reasons stated below.

   B. The Merits of EEOC's Objection

First, I reject the EEOC's interpretation of the statute it relies on in arguing that Magistrate Judge Boland's ruling was clearly erroneous or contrary to law. 8 U.S.C. § 2000e-8 entitled "Examination and copying of evidence related to unlawful employment practices" states the following as to "Prohibited disclosures; penalties":

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the

> institution of any proceeding under this subchapter involving such
> information. Any officer or employee of the Commission who shall make
> public in any manner whatever any information in violation of this
> subsection shall be guilty of a misdemeanor and upon conviction thereof,
> shall be fined not more than $1,000, or imprisoned not more than one
> year.

42 U.S.C. § 2000e-8(e).

Consistent with Magistrate Judge Boland's ruling, the Supreme Court has stated that the "public" referenced in this section does not include the parties to the charging document. *Equal Employment Opportunity Comm'n v. Associated Dry Goods, Inc.*, 449 U.S. 590, 598 (1981). Accordingly, the "public" that the statute prohibits disclosure to does not include Defendant Albertson's.

EEOC does not take issue with that portion of the ruling in the Objection. Instead, EEOC argues that the Magistrate Judge ignored the portion of § 2000e-8(e) that references the disclosure of documents being prohibited "prior to the institution of any proceeding under this subchapter involving such information." *Id.* EEOC asserts that since there was never an institution of a proceeding against Albertson's, the statute prohibits disclosure of these documents. EEOC's Objection is not well taken. The reference to the "public" in § 2000e-8(e) cannot be separated from the remainder of the sentence, including the portion of the statute that the EEOC relies on.

In other words, the statute on its face only prohibits disclosure "to the public" prior to the institution of suit. EEOC is reading the statute in a nonsensical way. To sustain EEOC's version of the statute, it would need to prohibit disclosure to the public **OR** disclosure [to any one] prior to institution of suit. The statute is obviously not

structured that way. The same analysis applies to the criminal penalties—such penalties apply only to a prohibited disclosure being made to the public.

EEOC also argues that its long-standing policies prohibit production of the files to a party if no lawsuit was filed. While policies of an agency that are adopted in construction of a statute should generally be given some deference, I decline to do so in this instance where the policy is not supported by the statutory language at issue.[3] I also reject the EEOC's argument that disclosure of the boxes from the closed charge would be contrary to the public interest. EEOC argues, for example, that parties would be less willing to settle cases if they believe that the closed files may still be made available even after the settlement. While that argument may have merit if the closed files were being opened to a member of the public, it has no applicability in my opinion as to a party to the actual charges. I also find problematic the fact that EEOC failed to raise these statutory or policy objections to the Court after Magistrate Judge Boland first rejected the EEOC's arguments in May of 2007.

EEOC also argues that the boxes should not be produced pursuant to FED. R. EVID. 403 and/or that production of the boxes would be burdensome. I reject these arguments. EEOC did not and has not demonstrated that the potential relevance of the documents is outweighed by the danger of unfair prejudice or that production of the

---

[3] I find that the case relied on by the EEOC, *Frito-Lay v. U.S. Equal Employment Opportunity Comm'n*, 964 F. Supp. 236 (W.D. Ky. 1997), is not controlling on this issue. That case was in a different posture as it involved a request by an employer under the Freedom of Information Act for a charge file brought by one of its employees. There is no indication from the case that the employer, as here, faced a lawsuit that was directly related to that prior charge or that the prior charge contained relevant information about an existing lawsuit. Indeed, while the employee had filed another action, the subject of that lawsuit was unknown to the court.

boxes would be unduly burdensome. Indeed, it appears that EEOC reviewed only some of the boxes at issue (7 boxes) and does not know what is in the other boxes. EEOC's argument would be stronger if it actually knew what was in the boxes and could demonstrate why the documents therein are unduly prejudicial and/or why production of the documents would be burdensome. As EEOC had not reviewed those documents at the time of the hearing, it was unable to make such a showing. To the extent that EEOC argues unfair prejudice due to policy concerns, I have previously rejected that argument. As such, I find that Magistrate Judge Boland's rulings in this regard are not clearly erroneous.

Finally, I decline to consider whether the documents are subject to production under Fed. R. Evid. 612. I found nothing in Magistrate Judge Boland's ruling to indicate that he relied on that rule in issuing his opinion. Instead, he found that the documents were relevant or are reasonably likely to lead to the discovery of admissible evidence, and so, therefore, were within the reach of discovery. I find no error with this ruling.

IV. CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff EEOC's Objection Pursuant to Fed.R.Civ.P. 72(a) to Decision of Magistrate Judge on Defendant's Motion to Compel Information Related to Commissioner's Charge (filed January 29, 2008) is **OVERRULED**. It is

FURTHER ORDERED that Magistrate Judge Boland's Order of January 14, 2008, is **AFFIRMED**. It is

FURTHER ORDERED that EEOC shall start producing boxes as of **Tuesday, February 19, 2008** (at least one box shall be produced by that time) and shall produce all boxes as quickly and expeditiously as possible, but by no later than **Monday, March 3, 2008**. It is

FURTHER ORDERED that if privileged documents are located by EEOC in the boxes, EEOC shall prepare and provide to opposing counsel a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A).

Dated: February 22, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge