IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01273-WYD-BNB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

CHRISTOPHER ADAMS,
JAMES BAXTER,
JAMES STEADHAM,
LUIS SOLIS GONZALES, and
NATE VALENTINE,

    Intervenors,

v.

ALBERTSON'S LLC, f/k/a Albertson's, Inc.,

    Defendant.

## ORDER

This matter is before the Court on a review of the file. I note that a hearing is currently set for two (2) hours on October 30, 2008, on the pending motions in this case, including the voluminous cross-motions for summary judgment or partial summary judgment.

Relevant to those motions, Plaintiffs filed a Motion to Strike Inadmissible Evidence under Fed.R.Civ. P. 56(e) on June 30, 2008. That motion seeks to strike a number of paragraphs from affidavits submitted by Defendant in support of its motion for summary judgment. Defendant filed a Motion for Leave of Court to Supplement the

Record Pursuant to Rule 56 of the Federal Rules of Civil Procedure on August 18, 2008. That motion seeks to supplement the record with extensive documentation related to the affidavits that Plaintiff sought to strike. Defendant also filed a Motion to Strike Inadmissible Evidence Submitted in Support of Plaintiff EEOC's Memorandum Brief in Opposition to Defendant's Motion for Summary Judgment on August 25, 2008. Defendant seeks therein to strike numerous excerpts from deposition transcripts, affidavits, and declarations submitted in connection with Plaintiff's response brief, as well as facts stated in the response which Defendant contends are largely irrelevant to the issues raised in its summary judgment motion.

I find that the motions to strike and Defendant's Motion for Leave to Supplement need to be addressed prior to a hearing on the cross-motions for summary judgment. Indeed, if I were to allow Defendant to supplement the record as it wishes, Plaintiffs assert that they would need further discovery relevant to the summary judgment motion or further briefing on the motion. Further, if I were to strike all the evidence that the parties seek to strike, the summary judgment briefs would need to be excised of the stricken material.

I also believe that a hearing is necessary on these motions given the extensive nature of the evidence which the parties seek to strike and the fact that the parties' arguments are often completely at odds. For example, Defendant asserts in its August 18, 2008, motion that the documents it seeks to supplement were already in the EEOC's possession or were not disputed. Plaintiffs assert in response that these documents were deliberately withheld by Defendant, and that the documents were not

produced during discovery or until after Plaintiffs had responded to Defendant's summary judgment motions.

I also note that due to the number of motions that are filed as well as the fact that Defendant has just filed a Motion to Disqualify EEOC Attorneys, a three-hour hearing as set on October 30, 2008, is not adequate to address the issues.  Accordingly, I find that the cross-motions for summary judgment will be deferred to a later date and will not be heard at the hearing on October 30, 2008.  Instead, I will hear argument at that hearing on Plaintiff's Motion to Strike Inadmissible Evidence Pursuant to Fed.R.Civ.P. 56(e), Defendant's Motion for Leave of Court to Supplement the Record Pursuant to Rule 56, and Defendant's Motion to Strike Inadmissible Evidence Submitted in Support of Plaintiff EEOC's Memorandum Brief in Opposition to Defendant's Motion for Summary Judgment.  After those motions are ruled on, I will set a hearing on the summary judgment motions.

I believe there is a good chance that the above three motions will take up a substantial amount of the hearing on October 30, 2008.  However, if time permits, I will then hear argument on (1) Plaintiffs' Motion to Bifurcate (Doc. # 356) and (2) Defendant Albertson's LLC's Motion to Exclude Testimony of Robert L. Atwell, Psy.D. pursuant to Fed. R. Civ. P. 702 (Doc. # 441), in that order.  If I do not have time to address either or both of these motions at the hearing, they also will be reset.  Finally, since Albertson's Motion to Disqualify EEOC Attorneys has just been filed and is not fully briefed, that will not be addressed at the hearing on October 30, 2008.

In conclusion, it is

ORDERED that the cross-motions for summary judgment or partial summary judgment will not be addressed at the October 30, 2008 hearing. The hearing will encompass the other motions as referenced in this Order.

Dated: September 29, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge