## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:     06-cv-01273 CMA-BNB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

CHRISTOPHER ADAMS,
JAMES BAXTER,
LUIS SOLIS-GONZÁLEZ,
JAMES STEADHAM,
NATHANIEL VALENTINE,

Intervenors,

    v.

ALBERTSON'S LLC, f/k/a ALBERTSON'S, INC.,

Defendant.

---

## CONSENT DECREE

---

## I. RECITALS

1.     Plaintiff Equal Employment Opportunity Commission ("EEOC"), an agency of the

United States, instituted in the United States District Court for the District of

Colorado Civil Action No. 06-cv-01273 CMA-BNB, alleging that Defendant

Albertson's LLC ("Albertson's") engaged in a pattern or practice of disparate

treatment in terms and conditions of employment and hostile work environment

based on race, color and/or national origin at Albertson's Distribution Center in

Aurora, Colorado ("Distribution Center"), Civil Action No. 08-cv-00640 LTB-MJW,

alleging that Albertson's engaged in a pattern or practice of retaliation at the Distribution Center, and Civil Action No. 08-cv-02424 MSK-CBS, alleging discrimination against Christopher Adams because of his race, all in violation of Sections 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). These three civil actions are hereinafter collectively referred to as the "Actions."

2.      Christopher Adams, James Baxter, Luis Solis-González, James Steadham, and Nathaniel Valentine have been permitted to intervene in Civil Action No. 06-cv-01273 CMA-BNB as plaintiffs. Eric Brooks, Arden Dennis, Luis Solis-Gonzalez, Nathaniel Valentine, James Baxter, Steve Dade and James Hartley have been permitted to intervene in Civil Action No. 08-cv-00640 LTB-MJW as plaintiffs. Christopher Adams has been permitted to intervene in Civil Action No. 06-cv-02424 MSK-CBS as a plaintiff.  All intervened to pursue their own individual interests (hereinafter the "Intervenors").

3.      Albertson's has answered the civil actions identified above (06-cv-01273 CMA-BNB, 08-cv-00640 LTB-MJW and 08-cv-02424 MSK-CBS) denying that it has engaged in a pattern or practice of disparate treatment in terms and conditions of employment or hostile work environment based on race, color or national origin, or in a pattern or practice of retaliation, or that it discriminated against or retaliated against any of the Intervenors, and asserting various affirmative defenses to the allegations made by EEOC and the Intervenors.

2

4.     EEOC and Albertson's (collectively referred to as the "Parties") now desire to resolve the Actions by entry of this agreed upon Consent Decree ("Consent Decree" or "Decree") by the Court, without modification.  Intervenors have each entered into separate settlement agreements with Albertson's which settlement agreements shall be null and void and unenforceable if the Court does not approve this Consent Decree as agreed upon by the Parties as well as other conditions precedent agreed to by Albertson's and Intervenors. Upon approval by the Court, this Decree shall be final and binding on the Parties as to the issues resolved, as well as on their successors and assigns except that the Consent Decree is only binding on a buyer or lessee of the Distribution Center if said buyer or lessee meets the definition of a Covered Buyer (as defined herein).

5.     Albertson's denies the allegations made by EEOC and Intervenors and maintains that it did not engage in any unlawful actions based on race, color, or national origin at its Distribution Center and that it did not retaliate against any employee employed there.  This agreement is a compromise of disputed claims, entered into to avoid further disruption, costs, delay and expense of protracted litigation, and any payments or undertakings made hereunder are not and should not be construed as an admission of liability on the part of Albertson's.  Prior to approving and entering this Consent Decree, the Court has made no findings of fact or conclusions of law as to the merits of any of the Actions.

6.     There are a total of 214 Claimants and 168 Eligible Class Members in the Actions, including the nine (9) aforementioned Intervenors.

## II. CLOSURE AND/OR SALE OF THE DISTRIBUTION CENTER

7.    Albertson's has represented to EEOC that it will cease serving its supermarkets

from the Distribution Center on or about October 25, 2009, and that it will no

longer conduct business thereafter at the Distribution Center after final closure is

completed.  Final closure for all but a skeleton staff is presently scheduled to

occur by November 15, 2009.  Albertson's has indicated that it has begun

marketing the Distribution Center for possible sale or lease to a third party.

Albertson's has also represented to EEOC that the closure and any sale or lease

of the Distribution Center is based on business considerations and is not related

to or the result of the Actions.

8.    If Albertson's reopens the Distribution Center and/or opens a distribution center

in Colorado during the term of this Decree: (a) Albertson's will send written notice

to EEOC of the intent to reopen the Distribution Center and/or open a distribution

center in Colorado and the date on which Albertson's expects to recommence

operations at the Distribution Center and/or commence operations at a

distribution center; and (b) all terms and conditions of this Decree are

immediately applicable to all individuals employed to work in, and to all

individuals with management and/or Human Resources responsibility for, the

reopened Distribution Center and/or the opened distribution center.  Any such

reopening of the Distribution Center or opening of a distribution center in

Colorado by Albertson's shall not cause the term of the Consent Decree to be

extended beyond four (4) years after the Effective Date.

9.  If the Distribution Center is sold or leased during the term of this Decree, Albertson's will promptly send written notice to EEOC of the sale or lease. Such notice will include the following information: (a) the name of the buyer or lessee; (b) the effective date of the sale or lease of the premises; (c) Albertson's position as to whether the buyer or lessee is a Covered Buyer (as defined herein); and (d) whether the buyer or lessee is a Related Entity (as defined herein). Upon reasonable notice, Albertson's will make a copy of the asset purchase agreement or lease agreement available for EEOC's inspection and review at a mutually agreeable time and location in the Denver metropolitan area. Nothing in this paragraph changes or modifies the definition of "Covered Buyer" as set forth in Paragraph 29.

10. If the Distribution Center is sold or leased to a Covered Buyer who is a Related Entity (as defined herein), all terms and conditions of the Decree will apply to the Covered Buyer. Such sale or lease shall not cause the term of the Consent Decree to be extended beyond four (4) years after the Effective Date.

11. If the Distribution Center is sold or leased to a Covered Buyer who is not a Related Entity (as defined herein), all terms and conditions of this Decree will apply to the Covered Buyer, except: (a) the Term of the Decree shall be two (2) years measured from the date the Covered Buyer takes possession of the Distribution Center; and (b) the provisions requiring a Monitor will not apply.

## III. JURISDICTION

12.   The Court has jurisdiction over the Parties and the subject matter of the Actions. The Actions assert claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Decree. The Parties agree that the Court has the power to enter this Consent Decree, without modification, and to grant the monetary and equitable relief set forth herein. The Parties further agree that the Consent Decree is final and binding upon them and their respective successors and assigns, except that the Consent Decree is not binding on a buyer or lessee of the Distribution Center unless said buyer or lessee meets the definition of a Covered Buyer (as defined herein) and only to the extent stated herein. The Parties further agree that this Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any party. The Court shall retain jurisdiction for the duration of this Consent Decree for the purpose of enforcement of the Decree. This Consent Decree cannot be changed, altered or modified except by written consent of the Parties with the approval of the Court.

## IV. DEFINITIONS

13.   **Claimant** - An individual who requested in writing that EEOC seek relief on his or her behalf in one or more of the Actions.

14.   **Claim Share** - The settlement amount EEOC determines will be paid to a particular Eligible Class Member, including Intervenors.

6

15. **Class** - All Claimants employed at the Distribution Center during the Relevant Time Period.

16. **Class Settlement Fund** - The sum of Eight Million Nine Hundred Thousand Dollars ($8,900,000) paid by Albertson's in full and final settlement of all monetary claims in connection with the Actions, including attorneys' fees and costs.

17. **Relevant Time Period** - From and including January 1, 1995, through the effective date of this Decree.

18. **Distribution Center** - Albertson's Distribution Center located  at 2780 North Tower Road, Aurora, Colorado.

19. **EEO** - Equal employment opportunity.

20. **Consent Decree Coordinator** - The Albertson's employee who will be responsible for overseeing and coordinating Albertson's compliance with and implementation of this Consent Decree during its term if Albertson's opens or reopens a distribution center in Colorado during the term of this Consent Decree.

21. **Effective Date** - The date on which the Court gives final approval to the Decree, after hearing, if required. In the event the Distribution Center is purchased or leased by a Covered Buyer (as defined herein), the terms of this Decree shall take effect as to the Covered Buyer when the Covered Buyer takes possession of the Distribution Center.

22. **Eligible Class Member** – A Claimant who has been determined by EEOC to be a member of the Class entitled to a Claim Share from the Class Settlement Fund

and who has not, prior to the Effective Date, waived or released Title VII claims from the Relevant Time Period alleging discrimination or hostile work environment based upon race, color or national origin or retaliation for opposing such discrimination or hostile work environment.

23. **Represented Group** – The nine Intervenors, and one non-intervening Claimant, Claus Ramirez, who were represented by counsel in this matter during the litigation and during the negotiation of the Consent Decree.

24. **Employee Complaints of Discrimination** – For purposes of this Consent Decree, the term "Employee Complaints of Discrimination" is limited to employee complaints alleging discrimination or harassment based on race, color and/or national origin, and employee complaints alleging retaliation for complaining about discrimination based on race, color and/or national origin.  Such term is defined to include all employee complaints to management or supervision whether formal, informal, written or unwritten, and includes grievances filed under any applicable collective bargaining agreement, and charges filed with the EEOC or the Colorado Civil Rights Division.

25. **Class Distribution List** - The list of Eligible Class Members, including the Represented Group, and the amount of each such person's Claim Share.  The Final Class Distribution List shall be filed under seal.

26. **Consent Decree Monitor or Monitor** - An individual not previously employed with or by Albertson's with expertise and experience in EEO matters whose functions are set forth in Paragraph 55 of this Decree.

27.  **Parties** - EEOC and Albertson's.

28.  **Fund Administrator** - The person or entity retained by Albertson's at Albertson's expense to carry out the administrative functions necessary to distribute the Class Settlement Fund.

29.  **Covered Buyer** – A person(s) or an entity(ies) to whom Albertson's sells or leases the Distribution Center during the first six (6) months of this Decree and who: (a) substantially continues the business operations of the Distribution Center to supply retail grocery outlets; (b) employs the same or substantially the same work force; (c) employs the same or substantially the same supervisory personnel; (d) maintains the same or substantially the same jobs under the same or substantially the same working conditions; and (e) uses the same or substantially the same machinery, equipment and methods of production.

30.  **Related Entity** – For purposes of this Consent Decree, a "Related Entity" is: (a) a business entity that owns or holds a controlling interest in Albertson's LLC, including but not limited to a parent company or holding company; (b) a business entity in which a controlling interest is owned or held by the same business entity which owns or holds a controlling interest in Albertson's LLC (hereinafter referred to as a "Sister Entity"); (c) any subsidiary and/or affiliate in which Albertson's LLC or a Sister Entity owns or holds a controlling interest; (d) any entity doing business under the name "Albertson's."

## V.  GENERAL PROVISIONS

31.     **Scope** - This Consent Decree applies to the Distribution Center premises and

employees assigned thereto if Albertson's opens or reopens a distribution center

in Colorado during the term of this Consent Decree or if the Distribution Center is

purchased or leased by a Covered Buyer during the first six (6) months of this

Consent Decree.

32.     **Term of Consent Decree** - This Consent Decree shall remain in effect for four

(4) years from the Effective Date hereof; provided, however, that this Consent

Decree shall not apply to any third party purchaser or lessee of the Distribution

Center unless such purchaser or lessee is a Covered Buyer as set forth herein.

33.     **Compliance with Federal EEOC Laws** - Nothing in this Consent Decree shall

be construed to limit or reduce Albertson's obligations to comply with Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, et seq.

34.     **Effect of Consent Decree** – This Consent Decree will fully and completely

settle, resolve and release all issues, claims and allegations of discrimination and

hostile work environment based upon race, color and/or national origin and

retaliation which have been asserted or could have been asserted by EEOC

against Albertson's through the Effective Date of this Decree with regard to the

Distribution Center, including, but not limited to, the issues, claims and

allegations raised by EEOC in its First Amended Complaint in the action in the

United States District Court for the District of Colorado, captioned *Equal*

*Employment Opportunity Commission v. Albertson's LLC f/k/a Albertson's, Inc.,*

Civil Action No. 06-cv-01273 CMA-BNB, in its Complaint in the action in the United States District Court for the District of Colorado, captioned *Equal Employment Opportunity Commission v. Albertson's LLC f/k/a Albertson's, Inc.*, Civil Action No. 08-cv-00640 LTB-MJW, and in its Complaint in the action in the United States District Court for the District of Colorado, captioned *Equal Employment Opportunity Commission v. Albertson's LLC f/k/a Albertson's, Inc.*, Civil Action No. 08-cv-02424 MSK-CBS.  This Consent Decree does not preclude EEOC from filing any lawsuit based solely on events occurring after the Effective Date of this Consent Decree.

35.  **Complete Consent Decree** - This Decree constitutes the complete and exclusive agreement and understanding between the Parties with respect to the matters contained herein and supersedes all prior and contemporaneous promises and agreements of any kind regarding settlement of the Actions, as well as all negotiations and discussions between the Parties hereto and/or their respective legal counsel with respect to the subject matters covered herein.  No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any of the Parties hereto concerning the subject matters contained herein.

36.  **Severability** - If one or more provisions of this Decree are rendered unlawful or unenforceable by an act of Congress or by a decision of Tenth Circuit Court of Appeals or the United States Supreme Court, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the

purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

37.    **Collective Bargaining Agreement with Teamsters** – The parties recognize that Albertson's is party to a collective bargaining agreement (the "CBA") between Albertson's and Teamsters Union Local No. 455 (the "Union") and that Albertson's has certain legal obligations with regard to that CBA and representation of the recognized collective bargaining unit by the Union pursuant to the National Labor Relations Act and the Labor Management Relations Act.

37.1    **Conflicts between Decree and CBA** -The parties agree that if a conflict arises between Albertson's obligations under this Consent Decree and its obligations pursuant to the CBA between Albertson's and the Union or Albertson's legal obligations with regard to that CBA and representation of the recognized collective bargaining unit by the Union pursuant to the National Labor Relations Act and the Labor Management Relations Act, Albertson's may file a motion with the Court requesting disposition of the alleged conflict if the Parties are first unable to reach a voluntary informal resolution.

37.2    **Requirement of Informal Resolution Efforts**

37.2.1    **Notice of Conflict** - Prior to filing a motion under Paragraph 37.1 above, Albertson's will provide written notice to EEOC of the nature of the alleged conflict.  The Notice of Conflict shall specify the nature of the alleged conflict, the particular

provisions of this Consent Decree and the CBA believed by Albertson's to be in conflict, and provide a summary of the evidence which Albertson's expects to submit to the Court in support of any proceeding regarding such alleged conflict, including witness names with a summary of each witness' testimony, and copies of any documentary evidence.

37.2.2   **Response to Notice of Conflict** – Within thirty (30) business days after its receipt of the required Notice of Conflict, EEOC will provide a written response with a summary of any evidence it would submit to the Court in opposition to any proceeding regarding such alleged conflict, including witness names with a summary of each witness' testimony and copies of any documentary evidence.

37.2.3   **Service** – Service of the Notice of Conflict and any Response shall be made by hand-delivery, facsimile transmission, or electronic mail.

37.2.4   **Meeting** – After service of the Response by EEOC, the Parties will schedule a telephonic or in-person meeting within fifteen (15) days to attempt in good faith to resolve the alleged conflict.  On written notice, either Party may bring a representative of the Union to be present for the meeting.

**37.2.5    Conflict Resolution Period** – If the alleged conflict has not

been resolved within thirty (30) days after service of the

Response to the Notice of Conflict (or within thirty (30) days of

the Notice of Conflict if no Response is served), which time

may be extended by mutual agreement, Albertson's may file a

motion asking the Court to resolve the alleged conflict.

**37.2.6    Fees and Costs Associated with Informal Resolution** – The

Parties shall each bear their own attorney's fees and costs

associated with informal resolution efforts.

## VI. NON-DEROGATION OF EEOC RIGHTS

38.   **Waiver of Commission Claims** - EEOC agrees not to use any charge filed with

EEOC before the Effective Date of this Consent Decree as a jurisdictional

prerequisite for filing a lawsuit against Albertson's regarding any claims involving

the Distribution Center.  Nothing in this Consent Decree shall be construed to

preclude EEOC from bringing suit to enforce this Consent Decree in accordance

with the provisions of Section X ("Enforcement of Consent Decree") below.

39.   **EEOC Rights Reserved** - The Commission reserves all rights to proceed with

respect to matters not covered, waived, and released by this Consent Decree.

40.   **Charges Filed After the Effective Date** - Any individual charges of

discrimination filed with EEOC or the Colorado Civil Rights Division after the

Effective Date of this Consent Decree, based on conduct alleged to have

occurred prior to the Effective Date of this Consent Decree, will be

administratively processed by EEOC in accordance with its standard procedures,

except that EEOC shall not file a lawsuit nor intervene in any lawsuit based in

whole or in part on issues, claims and allegations in any such charges that are

based on conduct occurring at the Distribution Center prior to the effective date

of this Decree.

### VII. AFFIRMATIVE RELIEF

41.   Except for Paragraphs 44.2, 45, 56.1, 56.2.2 and 56.2.3, the provisions of this

Section VII, Affirmative Relief, shall apply to Albertson's only if Albertson's,

during the term of this Decree, opens or reopens a distribution center in

Colorado.

42.   In the event of a sale or lease of the Distribution Center to a Covered Buyer, the

provisions of this Section VII, Affirmative Relief, shall apply only to a Covered

Buyer, shall take effect as of the date the Covered Buyer takes possession of the

Distribution Center, and shall be applied to said Covered Buyer for the remainder

of the term of the Consent Decree.  As provided in Paragraph 11, if the Covered

Buyer is not a Related Entity, the term of the Consent Decree will be two years

from the date the Covered Buyer takes possession of the Distribution Center and

the provisions requiring a Monitor will not apply.

43.   Notice and Posting of Decree Notice

43.1   **Posting -** Albertson's shall post the Notice to Employees, attached hereto

as Attachment A,  on the bulletin board outside the Human Resources

office on the second floor of the Distribution Center and on the bulletin

board in the breezeway on the first floor of the Distribution Center and in any other location where other employee-related and union notices are customarily posted.

43.2 **Orientation on Consent Decree -** Albertson's shall conduct one or more orientation meetings with current Distribution Center employees, including but not limited to bargaining unit employees, superintendents, supervisors, managers, and Associate Relations and Human Resources employees with responsibility for the Distribution Center (excepting Andrew Scoggin, Danny Ma, Peggy Jones and Bob Schuler, who are corporate personnel located outside of Colorado and who are aware of this Decree and its contents), regarding the Consent Decree, including but not limited to the anti-retaliation provisions thereof . Albertson's shall notify EEOC of the dates, times and locations at least twenty (20) days prior to each of the orientation meetings, and EEOC shall have the right to attend and observe any or all such meetings.  If EEOC has any concerns about the content of the orientation meeting(s), EEOC can communicate those concerns afterwards to the Consent Decree Coordinator.  The notification to EEOC of the time of any orientation meeting for drivers shall be approximate. Albertson's shall inform all Distribution Center supervisors, superintendents, managers, and Associate Relations and Human Resources employees with responsibility for the Distribution Center that

any personal failure to comply with the Decree may subject them to appropriate disciplinary action up to and including termination.

44. **Injunction**

    44.1   **No Discrimination -** Albertson's is enjoined from discriminating against any current or future Distribution Center employee because of his or her race, color, and/or national origin.  Albertson's decisions regarding employee training and terms and conditions of employment, including but not limited to such things as hiring, promotion, transfer, shift assignment, job assignment, equipment assignment, overtime, attendance, leave, discipline, and termination, will be made without regard to race, color and/or national origin.

    44.2   **No Retaliation -** Albertson's is enjoined from retaliating against any former or current Distribution Center employee based on his or her participation in the investigation by EEOC into the charges of discrimination and retaliation underlying the Actions, for participating in the Actions, for opposing any employment practice made unlawful by Title VII of the Civil Rights Act of 1964, as amended, or for asserting any rights under this Consent Decree.

45. **Neutral Reference** – In accordance with its current policy, Albertson's shall respond to inquiries regarding former Distribution Center employees by providing neutral, objective verification of employment to prospective employers and shall not give any negative references for any of the Claimants or members of the

Represented Group except as otherwise required by law.  In the orientation(s) on this Consent Decree as provided herein, Albertson's will re-emphasize this policy to managers and supervisors, and emphasize that to do other than required by this policy may violate this Consent Decree, subjecting the manager or supervisor who violates such policy and/or Consent Decree to disciplinary action up to and including termination.

46.    **Consent Decree Coordinator and Monitor**

46.1    **Appointment of Consent Decree Coordinator** - Danny Ma, who is currently a Director of Labor Relations for Albertson's, will become Consent Decree Coordinator.  If for any reason Danny Ma becomes unable to serve as Consent Decree Coordinator, Albertson's will designate another qualified employee as Consent Decree Coordinator.  Albertson's will provide one week's advance notice of the identity, credentials and qualifications of the new Consent Decree Coordinator.

46.2    **Duties of Consent Decree Coordinator** - Albertson's Consent Decree Coordinator will be responsible for:

- coordinating Albertson's compliance with the requirements of this Consent Decree;

- overseeing maintenance of records required to be preserved by this Decree;

- acting as a liaison between Albertson's and the Consent Decree Monitor, including, but not limited to, meeting with the Consent

Decree Monitor at least quarterly for the first year and at least twice
a year for the remainder of the Decree;

- submitting reports required by this Decree;

- assisting in the development and implementation of training
  required by this Decree;

- assisting in review and any necessary revision of Albertson's
  policies and procedures required by this Decree.

47.  **Appointment of Consent Decree Monitor** - Albertson's and EEOC will agree
upon the selection of a Consent Decree Monitor ("Monitor").  Albertson's will
provide EEOC with a list of at least three individuals from Colorado.  If none of
those individuals are agreeable to EEOC, Albertson's will submit a second list of
at least three individuals, and may include individuals from outside Colorado.  If
none of these individuals are agreeable to the EEOC, the dispute will be resolved
under Paragraph 49.

48.  **Replacement of Monitor** - In the event the Monitor is unable or unwilling to
continue to serve, the Parties shall meet and confer to select a new Monitor by
mutual agreement.

49.  **Resolving Disputes Over Monitor Appointment** - If the Parties cannot agree
upon a Monitor or after becoming aware of a need to appoint a new Monitor,
Mediator Hunter Hughes will submit a list of five (5) candidates to the Parties
from which each Party will strike two (2) candidates.  The Party to make the first

strike will be determined by flip of a coin. The remaining candidate will be the new Monitor.

50. **Compensation of Monitor** - Albertson's will pay the reasonable fees and expenses of the Monitor. The Monitor shall submit to the Consent Decree Coordinator an invoice for fees and expenses for provision of the services described in this Consent Decree on a monthly basis. The Monitor's invoices shall be supported by receipts, such as for travel expenses, where applicable.

51. **Cooperation** - The Monitor shall, to the maximum extent practicable and consistent with the Monitor's obligations, work cooperatively with Albertson's so as not to unduly interfere with Albertson's operations. Albertson's agrees to cooperate with the Monitor to the maximum extent practicable and reasonable. The Monitor shall agree to be bound by this Decree and shall agree to perform his or her responsibilities only as set forth in the Decree. The Monitor shall have no power to add to, subtract from, or modify any of the terms of the Decree.

52. **Replacement of Monitor** – Either EEOC or Albertson's may petition the Court to replace the Monitor for misconduct, failure or inability to perform the substantive duties of the Monitor position, or demonstrated bias.

53. **Access to Distribution Center, Premises, and Information** –The Monitor shall have reasonable and unobstructed access to all relevant, non-privileged documents, including all non-privileged documents maintained by Albertson's relating to implementation or administration of this Consent Decree, premises, and other sources of information necessary to fulfill his or her duties and

responsibilities under this Consent Decree.  During the Monitor's on-site visits, Albertson's shall provide the Monitor with reasonable and private office space that provides convenient and confidential access to such documents, records, and information.  Any on-site visits by the Monitor shall be conducted so as not to be disruptive to Albertson's business.

54.   **Non-privileged Documents** – For purposes of this Consent Decree, "non-privileged" documents shall include any and all records compiled during Albertson's investigation of any Employee Complaint of Discrimination (as defined in Paragraph 24 above), even if such investigation is conducted by an attorney, unless such attorney-conducted investigation was initiated after and pursuant to a complaint the first notice of which was by or through service on Albertson's of a summons and complaint of a lawsuit filed in state or federal court.

55.   **Monitor's Responsibilities** - During the term of the Decree, the Monitor will have the following responsibilities, which the Monitor will carry out with due regard for both efficiency and accuracy:

- Evaluate whether Albertson's has taken timely, appropriate, reasonable, and effective action to implement the requirements of this Consent Decree;

- Review records documenting Employee Complaints of Discrimination (as defined in Paragraph 24 above) and investigative records relating to any

such complaints to assess the adequacy of Albertson's response to such complaints;

- The Monitor shall not himself/herself receive Employee Complaints of Discrimination or investigate Employee Complaints of Discrimination. He or she shall not become involved in complaints or concerns not related to the requirements of this Consent Decree;

- Attend in order to observe, but not participate in, orientation meeting(s) held with current employees regarding the provisions of the Consent Decree;

- Review, comment upon, and make recommendations, if any, regarding Albertson's Distribution Center policies and procedures relevant to the requirements of the Consent Decree;

- Meet in person or by telephone with Albertson's Consent Decree Coordinator and an EEOC representative quarterly during the first year of the Consent Decree and semi-annually thereafter to discuss and make recommendations, if any, regarding Albertson's implementation of and compliance with the terms of this Decree; and

- Report to the Parties as provided in this Consent Decree. Additionally, the Monitor may meet separately with Albertson's Consent Decree Coordinator or the EEOC, as determined by the Monitor, although the Monitor shall inform the other party of any such meetings and their content.

**56.**   **EEO Training**

**56.1**   **Development of EEO Training Program** – Within ninety (90) days of the
Effective Date of this Consent Decree, Albertson's shall submit to EEOC a
proposed EEO training program for supervisory and management
employees, and Associate Relations and Human Resources employees
(other than Andrew Scoggin, Danny Ma, Peggy Jones and Bob Schuler)
with responsibility for the Distribution Center which shall include a detailed
agenda, a plan to ensure that all such employees receive the required
training and the resume or curriculum vitae of the individual(s) who will
conduct the training.  The proposed EEO training program required under
this provision will specifically identify the individuals who will continue
employment with Albertson's after closure of the Distribution Center and
describe a plan for training these individuals.  If during the term of this
Decree, Albertson's opens or reopens a distribution center in Colorado,
Albertson's will provide a revised training program for the new operation.
Albertson's shall submit to EEOC a proposed EEO training program for
non-supervisory employees, which shall include a detailed agenda, a plan
to ensure that all such employees receive the required training and the
resume or curriculum vitae of the individual(s) who will conduct the
training.

**56.2   Amount of Training Required**

    **56.2.1   Non-Supervisory Employees -** Albertson's will provide non-supervisory Distribution Center employees at least two (2) hours of EEO training within ninety (90) days of the opening or reopening and to new employees within thirty (30) days of hire and each calendar year thereafter for the duration of the Consent Decree.  The first two (2) hours of training to the initial employee group must be conducted live and may be presented by qualified Albertson's Labor Relations or Human Resources employees.  Thereafter, this training may be live or by video or computer presentation purchased from an outside vendor.

    **56.2.2   Management and Supervisory Employees -** Albertson's will provide current Distribution Center supervisory and management employees who are retained beyond the date the Distribution Center is closed at least four (4) hours of EEO training within one hundred eighty (180) days of the Effective Date of the Consent Decree and each calendar year thereafter for the duration of the Decree.  If Albertson's, during the term of this Decree, opens or reopens a distribution center in Colorado, Albertson's will provide at least four (4) hours of EEO training to new supervisory and management employees within thirty (30) days of hire or promotion into a supervisory or

management position and each calendar year thereafter for the duration of the Consent Decree. At least 50 percent of the training to such current and future supervisory and management employees must be conducted live and may be presented by qualified Albertson's Labor Relations or Human Resource employees. The remainder of such training may be conducted live or by video or computer presentation purchased from an outside vendor.

**56.2.3** **Human Resource Employees** - Albertson's will provide current Associate Relations and Human Resource employees (other than Andrew Scoggin, Danny Ma, Peggy Jones and Bob Schuler) with responsibility for the Distribution Center who are retained beyond the date the Distribution Center is closed at least ten (10) hours of EEO training within one hundred eighty (180) days of the Effective Date of the Consent Decree and each calendar year thereafter for the duration of the Decree. If Albertson's, during the term of this Decree, opens or reopens a distribution center in Colorado, Albertson's will provide at least ten (10) hours of EEO training to new Associate Relations and Human Resource employees with responsibility for the Distribution Center within thirty (30) days of hire or promotion into Associate Relations and Human Resource positions with

responsibility for the Distribution Center and each calendar
year thereafter for the duration of the Consent Decree.  At least
seven (7) hours of such training of such current and future
Associate Relations and Human Resource employees with
responsibility for the Distribution Center must be conducted live
by an individual(s) not employed by or associated with
Albertson's or any of its subsidiary or affiliated entities.  The
remainder of such training may be conducted live or by video
or computer presentation purchased from an outside vendor.

56.3   **Required Subjects of Training** - At a minimum, the EEO training
programs for Distribution Center employees shall include the following:

- instruction on the requirements of all applicable EEO laws,
  including but not limited to Title VII of the Civil Rights Act of 1964,
  as amended, the Age Discrimination in Employment Act, the
  Americans with Disabilities Act, the Equal Pay Act, and the
  Pregnancy Discrimination Act;

- a review of Albertson's employment policies prohibiting
  discrimination and hostile work environment and of the
  requirements of this Decree, with particular emphasis on complaint
  procedures, prohibitions on retaliation, and the role of the Consent
  Decree Coordinator and Monitor;

- instruction on any policies related to this Decree, such as: the non-harassment policy, anti-graffiti policy, Albertson's Courtesy, Dignity and Respect policy, and other policies, including but not limited to policies regarding hiring, transfer, promotion, attendance, scheduling, production, and discipline without regard to race, color, and/or national origin, and policies prohibiting retaliation for engaging in activity protected under EEO laws;

- training for supervisory, management and Associate Relations and Human Resource employees with responsibility for the Distribution Center, which shall include instruction on the proper procedures for responding to employee complaints of discrimination, harassment, hostile work environment, and retaliation.

**57.   Modification and Implementation of Policies and Procedures**

**57.1   Review of Policies** - Albertson's shall, in consultation with the Monitor review its existing employment policies and procedures applicable to the Distribution Center, and develop and implement as necessary new and/or revised policies and provisions to ensure that equal employment opportunities are afforded to minority employees.  Under no circumstances shall EEOC, by commenting or electing not to comment upon proposed policies or procedures, be deemed to have waived its right to investigate or litigate any alleged adverse effects of said policies or procedures upon equal employment opportunities after the effective date

of this Decree.  Nor shall EEOC, by commenting or electing not to
comment upon said policies or procedures, be considered to have
accepted the validity of, or approved, the policies or procedures adopted
by Albertson's.

**57.2**  **Policies to be Modified or Developed**.

    **57.2.1**  **Procedures to Guard Against Unlawful Discriminatory and
Retaliatory Decision Making** – Albertson's, in consultation
with the Monitor, shall review and, if necessary, modify its
current policies and procedures to prevent unlawful
discriminatory and retaliatory decision making regarding such
things as hiring, transfers, promotions, assignment of work,
enforcement of attendance policies, scheduling, leave
requests, allocation of overtime, discipline and discharge.

    **57.2.2**  **Procedures to Prevent and Correct Racial/Ethnic Graffiti** -
Albertson's shall review and, if necessary, modify its current
policy and procedures with regard to the investigation,
documentation and prompt eradication of racially and ethnically
offensive graffiti discovered at the Distribution Center.  The
procedures shall include at least the following elements: (a)
reaffirmation in meetings and in writing that racially and
ethnically offensive graffiti is a serious violation of Albertson's
policies warranting discipline up to and including discharge; (b)

an inspection of the Distribution Center premises at least once per day for racially and ethnically offensive graffiti; (c) documentation of racially and ethnically offensive graffiti by taking a photograph or digital image thereof and entering a description of the graffiti in a log which log shall be kept for the term of the Decree and made available to the Monitor upon reasonable request; (d) removal of racially and ethnically offensive graffiti after documentation thereof as soon as possible but no later than twenty-four (24) hours after its discovery or report; (e) reasonable and thorough investigation of each incidence of racially and ethnically offensive graffiti, including but not limited to consideration, under appropriate circumstances, of retaining a forensic handwriting expert to compare employee writing samples with graffiti which consists at least in part of handwriting;  (f) encouraging employees to immediately report any offensive racial or ethnic graffiti in the Distribution Center to supervisors, managers, Human Resources, or Albertson's Consent Decree Coordinator;  and (g)  appropriate discipline, in accordance with any applicable collective bargaining agreement, of those employees found to be responsible for racially and ethnically offensive graffiti.

**57.2.3**    **Procedures to Prevent and Correct Offensive Racial/Ethnic Harassment** - Albertson's shall review and, if necessary, modify its current policy and procedures to prevent and promptly correct racial or ethnic harassment at the Distribution Center, including, but not limited to, offensive slurs, jokes, and/or comments. The procedures shall include at least the following elements: (a) reaffirmation in meetings and in writing that racial/ethnic harassment, including slurs, jokes, and comments, is a serious violation of Albertson's policies warranting discipline up to and including discharge; (b) encouraging employees to immediately report any offensive racial or ethnic comments made at the Distribution Center to supervisors, managers, Human Resources, or the Consent Decree Coordinator; (c) reasonable and thorough investigation of any and all reports or complaints of offensive racial or ethnic harassment; (d) appropriate discipline, in accordance with any applicable collective bargaining agreement, of those employees found to be responsible for offensive racially or ethnic harassment.

**57.2.4**    **Management Evaluation and Accountability Policy** - Albertson's shall revise or develop, implement, and maintain a management performance evaluation system to include EEO

compliance and compliance with this Decree as factors for
evaluating supervisor, superintendent, and manager
performance.

### VIII.  MONETARY RELIEF

58.    **Class Settlement Fund** - In full and final settlement of all monetary claims in
connection with the Actions, including those of Claimants and members of the
Represented Group, Albertson's shall pay the gross sum of Eight Million Nine
Hundred Thousand Dollars ($8,900,000) to be distributed as determined by
EEOC.  Under no circumstance shall the Class Settlement Fund exceed Eight
Million Nine Hundred Thousand Dollars ($8,900,000).

59.    **EEOC Class Distribution List** – Prior to presentation of this Consent Decree to
the Court for approval, EEOC shall provide Albertson's with a Class Distribution
List identifying each Claimant (including members of the Represented Group)
determined by EEOC to be eligible for a Claim Share, and categorizing such
Eligible Class Members (including members of the Represented Group) into five
tiers, specifying the amount to be paid to each Eligible Class Member (including
members of the Represented Group).  EEOC represents that its Class
Distribution List is based on the following criteria: (a) whether the Eligible Class
Member articulated facts sufficient to support a claim for retaliation; (b) the extent
to which the Eligible Class Member was subjected to a hostile work environment
based on race, color or national origin; (c) the severity of any harassment to
which the Eligible Class Member was subjected; (d) the length of time the Eligible

Class Member worked in the hostile environment; (e) whether the Eligible Class Member was subject to different terms and conditions of employment based on the Eligible Class Member's race, color, and/or national origin; (f) the extent of harm suffered by the Eligible Class Member; (g) the specificity and verifiability of the Eligible Class Member's allegations; and (h) the extent to which the Eligible Class Member contributed to the EEOC's litigation effort.

60.   **Fund Administrator** - The Fund Administrator will perform the functions necessary to distributing the Class Settlement Fund including sending notices of settlement to Claimants in the form attached hereto as Attachment B, receiving releases from Eligible Class Members, mailing payments and tax reporting forms, and filing necessary tax forms with all appropriate taxing authorities. The costs and expenses of the Fund Administrator shall be paid by Albertson's and shall not be deducted from the Class Settlement Fund.  Albertson's shall select a Fund Administrator with input by EEOC by the Effective Date of this Decree.  The Fund Administrator shall agree to be bound by this Decree and shall agree to perform his, her or its responsibilities only as set forth in the Decree.

61.   **Mailing Notice of Settlement** – EEOC shall provide the Fund Administrator with a hard copy and an electronic list of the names and addresses of the Claimants. Within ten (10) business days after receipt of such list or Court approval of the Consent Decree, whichever comes later, the Fund Administrator shall mail to each Claimant, the Notice of Settlement advising the Claimant whether he or she has been determined by EEOC to be an Eligible Class Member, and, if so, the

Claim Share amount.  For Claimants determined to be Eligible Class Members, the Notice of Settlement will be sent with a Waiver and Release of Claims ("Release") in the form attached hereto as Attachment C, instructions on the procedure to accept the Claim Share Amount, including the deadline to accept ("Acceptance Deadline") and a blank W-9 taxpayer identification form.

62.  **Returned Undeliverable Mail** - If any Notices of Settlement are returned as undeliverable, the Fund Administrator will make one attempt to obtain a current address for such Claimants by use of reasonable and usual means of address traces and then re-mail Notices of Settlement.  Additionally, within two (2) business days of receiving a returned notice, the Fund Administrator will send email notice to EEOC with the name of any Claimant whose notice is returned, and will promptly re-mail the Notice to any new address provided by EEOC for that Claimant.  The process for handling returned undeliverable mail will not operate to extend the Acceptance Deadline for more than sixty (60) days.

63.  **Acceptance Deadline** - The Acceptance Deadline will be sixty (60) days after the original mailing of the Notice of Settlement or sixty (60) days after any re-mailing of Notices of Settlement.  The Acceptance Deadline may be extended by written agreement of the Parties and the sixty (60) day acceptance period for re-mailed notices may be shortened by written agreement of the Parties.  The Fund Administrator will certify to the Parties that the Notices of Settlement have been mailed as required in this Section and the date of the original mailing and any re-mailing.

64. **Settlement Agreements with Represented Group** – Prior to submission of this Decree to the Court for approval, each member of the Represented Group must execute and deliver to Albertson's the original signed settlement agreement in the form negotiated and agreed to on his behalf by his counsel with Albertson's, along with a completed W-9 form.

65. **Release for Eligible Class Members Not in the Represented Group** – In order to receive a Claim Share payment pursuant to this Consent Decree, an Eligible Class Member must sign a Release in the form attached as Attachment C and a completed W-9 form and return the signed Release and completed W-9 form to the Fund Administrator by the Acceptance Deadline. Eligible Class Members who fail to return the signed Release and W-9 by the Acceptance Deadline shall not be entitled to a Claim Share.

66. **Redistribution of Unaccepted Funds** – Any settlement funds designated for Eligible Class Members who fail to return Releases by the Acceptance Deadline will be redistributed equally among those Eligible Class Members in Tiers 4 and 5 who timely return signed Releases.   Under no circumstances shall the total monetary distribution to Eligible Class Members and the Represented Group exceed the gross settlement fund of Eight Million Nine Hundred Thousand Dollars ($8,900,000.00).

67. **Retention of Releases and Final Class Distribution List** – The Fund Administrator will receive and retain all Class Member releases until final distribution of the Class Settlement Fund has been completed.  Within ten (10)

days after the last Acceptance Deadline, the Fund Administrator will provide

Albertson's and EEOC with (a) a list of the Eligible Class Members sent releases,

indicating whether each has returned a signed release and a completed W-9;

and (b) a Final Class Distribution List, reflecting any redistribution under

Paragraph 66 above.  Within three (3) business days of receiving the Final Class

Distribution List, EEOC will provide Albertson's and the Fund Administrator with

notice either approving the Final Distribution List or identifying any errors.  Any

errors will be corrected according to EEOC's instructions.  Under no

circumstances shall the total monetary distribution to Eligible Class Members and

the Represented Group exceed the gross settlement fund of Eight Million Nine

Hundred Thousand Dollars ($8,900,000.00).

68.  **Distribution of Settlement Funds** – Within twenty (20) days after issuing a Final

Class Distribution List, the Fund Administrator shall disburse the Class

Settlement Funds in accordance with the Final Class Distribution List, including

any revision due to calculation correction under Paragraph 67 above.  Payments

to Eligible Class Members will be sent by certified mail or other verified delivery

service and each Eligible Class Member will have the option to pick up his/her

payment at the offices of Baker & Hostetler LLP, 303 East 17th Avenue, Suite

1100, Denver, Colorado during normal business hours.  Payments to members of

the Represented Group will be made in accordance with the settlement

agreements entered into with Albertson's.

69. **Taxes**

    69.1   The Fund Administrator shall issue a 1099 tax form to each Eligible Class Member who receives any monetary relief, including those in the Represented Group.

    69.2   The Fund Administrator shall issue a 1099 tax form to each attorney representing members of the Represented Group.

    69.3   Each Eligible Class Member, including those in the Represented Group, shall be responsible for payment of income taxes owed to any governmental authority as a result of monetary relief received pursuant to this Decree.

    69.4   The Fund Administrator shall make appropriate reports to the Internal Revenue Service and other tax authorities, including, but not limited to, the Colorado Department of Revenue.

70. **Administrative Costs** – Albertson's shall pay all administrative costs for the process of payment of the monetary relief under this Decree, including, but limited to, postage, supplies, clerical services, accounting services, and tax return preparation incurred by the Fund Administrator in performing his/her duties under this Decree.

## IX. REPORTING AND RECORDKEEPING

71. The provisions of this Section IX, Reporting and Recordkeeping, shall apply to Albertson's only if Albertson's, during the term of this Decree, opens or reopens a distribution center in Colorado.

72.    In the event of a sale or lease of the Distribution Center to a Covered Buyer, the provisions of this Section IX, Reporting and Recordkeeping, shall apply only to a Covered Buyer, shall take effect as of the date the Covered Buyer takes possession of the Distribution Center and shall be applied to said Covered Buyer for the remainder of the term of the Consent Decree.  As provided in Paragraph 11, if the Covered Buyer is not a Related Entity, the term of the Consent Decree will be two years from the date the Covered Buyer takes possession of the Distribution Center and the provisions requiring a Monitor will not apply.

73.    **Document Preservation** - Albertson's agrees to take all reasonable steps to maintain all of the documents identified below:

- all personnel files including all performance appraisals, attendance, discipline and termination records;

- schedules of employees in the classifications of, warehouseman, mechanic, sanitation, salvage, janitorial, and building and maintenance;

- driver dispatch and daily manning sheets;

- weekly selector production records;

- all records documenting Employee Complaints of Discrimination (as defined in Paragraph 24 above);

- all records documenting Albertson's efforts to investigate Employee Complaints of Discrimination;

- all records created pursuant to Albertson's policy regarding racial and/or ethnic graffiti in the Distribution Center, including all photographs and digital images and log descriptions of such graffiti;

- all records of employee attendance, including approved leaves (*i.e.*, vacation, holidays, Family Medical Leave Act leave, jury duty, funeral leave, and unapproved absences) tardiness, and leaving early;

- all records of employee requests for leave;

- all records of employee discipline and discharge, including any investigative records supporting the decision;

- all job postings;

- all employee transfer or shift change requests; and

- computerized payroll data showing hours and days worked and paid.

**74.** **Reports** – As set forth in greater detail below, Albertson's will submit summary reports to the Monitor. After reviewing the summary reports, the Monitor may request that certain relevant records, including electronic data, be copied and provided, and/or that records be made accessible for the Monitor to review onsite at the Distribution Center. Any such request by the Monitor will include a reasonable date by which the records should be provided based on the scope of the request and the difficulty in obtaining the documents or data. Albertson's and the Monitor shall attempt to agree upon a reasonable date for production. Upon request by the EEOC, the Monitor will promptly provide EEOC copies of any records obtained by the Monitor, including Albertson's reports. EEOC shall

handle these records consistent with EEOC's usual procedures, in accordance with the Freedom of Information Act.  Albertson's shall be informed of any FOIA requests which entail disclosure of such reports, documents or data within five (5) business days after receipt by EEOC.

**74.1    Initial Report** - Albertson's shall provide the Monitor with the following:

- a status report on Albertson's review and revision of existing policies to ensure equal employment opportunities;

- proposed EEO training programs, as required under this Consent Decree;  and

- verification that the orientation pursuant to Paragraph 43.2 ("Orientation on Consent Decree") has occurred.

**74.2    Periodic Reports**

**74.2.1**    Albertson's shall submit semi-annual reports each calendar year to the Monitor in both hard copy and electronic form.

**74.2.2**    The first reporting period will begin on the date Albertson's opens or reopens a distribution center in Colorado, or on the date a Covered Buyer takes possession of the Distribution Center and will end on the last day of the sixth complete calendar month.  Each subsequent reporting period will be six (6) calendar months thereafter.

**74.2.3    Confidentiality and Use of Information** - All documents and information provided by Albertson's to the Monitor pursuant to

this Consent Decree shall be kept confidential by the Monitor and shall not be disclosed to any person or entity other than the EEOC upon its request. Said documents and information shall be utilized solely in connection with this Consent Decree and may not be utilized by EEOC as the basis to initiate a Commissioner's charge or to initiate any new or future litigation against Albertson's, except for any litigation to enforce this Consent Decree. EEOC shall maintain the confidentiality of such reports unless required to be disclosed pursuant to a proper FOIA request. Albertson's shall be informed of any FOIA requests which entail disclosure of such reports, documents or data within five (5) business days after receipt by EEOC.

**74.2.4**   Each report shall contain the following information for the relevant reporting period:

- A summary of all written disciplinary actions taken during the reporting period, including the following: name, position and race/ethnicity of the person disciplined, the names, positions and race/ethnicity of the decision makers who took the disciplinary action, a brief description of the offense, date of offense, description of disciplinary action taken, date of disciplinary action, whether the disciplinary action was the

subject of a grievance under the CBA, outcome or current status of any such grievance; whether the disciplinary action taken was the subject of any other objection, appeal, or charge of discrimination by the disciplined employee; and outcome or current status of any such employee objection, appeal, or charge of discrimination;

- A summary of all incidents of graffiti during the reporting period, including the following: date the graffiti was reported; name, position and race/ethnicity of employee reporting the graffiti, location of the graffiti, description of the graffiti, description of remedial steps taken including the date(s) of such remedial steps;

- A summary of all Employee Complaints of Discrimination to management or supervision, including all of the following: name, position, and race/ethnicity, of the complaining employee, name and position of the manager or supervisor to whom the complaint was made, date of the complaint, form of the complaint (i.e., verbal, written, grievance, charge, etc.), brief summary of the complaint including the date of any alleged discriminatory conduct, name and position of the person to whom the complaint was assigned for investigation, brief summary of what was done to investigate the complaint,

description of any remedial steps, dates of any remedial steps taken and/or current status of the complaint if unresolved at the time of reporting;

- A summary of the current status of any Employee Complaints of Discrimination reported in previous reports as unresolved.

- A list of Distribution Center employees during the reporting period, by seniority date and categorized by race and national origin;

- Verification of employee attendance for all EEO training conducted during the reporting period.

**74.3   Other Reports**

    **74.3.1**   No later than twenty (20) days prior to any scheduled live training provided pursuant to this Consent Decree, Albertson's shall inform EEOC of the date, time, and location when the training is scheduled to be conducted.

    **74.3.2**   Albertson's shall provide the Monitor with any proposed or amended employment policies at least thirty (30) days prior to implementation.

**74.4   Reports of the Monitor** - Within sixty (60) days after receiving Albertson's reports as provided pursuant to Paragraphs 74.1 and 74.2 of this Decree, the Monitor shall provide a written report to the Parties which will contain the following information:  a description of the activities of the Monitor

during the reporting period; a description of any changes in policies, procedures, and/or practices made by Albertson's, an assessment of Albertson's implementation of and compliance with the terms of the Consent Decree, the Monitor's recommendation(s) to Albertson's and Albertson's response thereto, and any such other and further information as the Monitor deems appropriate.

## X. ENFORCEMENT OF CONSENT DECREE

75. **Enforcement** - EEOC may initiate proceedings to enforce this Decree in this Court. There is no private right of action to enforce the obligations under this Decree, and only EEOC may seek to enforce compliance herewith.  Compliance with the informal procedure for attempting to resolve disputes between the Parties set forth below shall be a condition precedent to the filing of any such proceedings to enforce the Decree.

   75.1 **Covered Buyer** – The Parties agree that in the event of a sale or lease of the Distribution Center to a Covered Buyer, Albertson's is not responsible for compliance of the Covered Buyer with this Decree, and the EEOC may not bring an action against Albertson's to enforce the Decree based on any alleged violation of the Decree by the Covered Buyer.

76. **Requirement of Informal Resolution Efforts**

   76.1 **Notice of Dispute** – Prior to initiating proceedings to enforce this Consent Decree, EEOC will provide written notice to Albertson's of the nature of the asserted violation(s) of the Decree.  The Notice of Dispute shall be

served on Albertson's, shall specify the nature of the alleged violation(s), the particular provisions of this Consent Decree alleged by EEOC to have been violated by Albertson's, and shall provide a summary of the evidence which EEOC expects to submit to the Court in support of any proceeding to enforce the decree, including witness names with a summary of each witness' testimony, and copies of any documentary evidence.

76.2  **Response to Notice of Dispute** - Within fifteen (15) business days after its receipt of the required Notice of Dispute, Albertson's will provide a written response setting forth a summary of the evidence which Albertson's expects to submit to the Court in opposition to any proceeding to enforce the decree, including witness names with a summary of each witness' testimony, and copies of any documentary evidence.

76.3  **Service** - Service of the Notice of Dispute and any Response shall be made by hand-delivery, facsimile transmission, or electronic mail.

76.4  **Meeting** - After service of the Response by Albertson's, the Parties will schedule a telephone or in-person meeting within fifteen (15) days to attempt in good faith to resolve the dispute.

76.5  **Dispute Resolution Period** - If the dispute has not been resolved within thirty (30) days after service of the Response to the Notice of Dispute (or within thirty (30) days of the Notice of Dispute if no Response is served), which time may be extended by mutual agreement, an action to enforce the Decree may be brought in this Court by EEOC.

**76.6   Fees and Costs Associated with Informal Resolution and Enforcement** - The Parties shall each bear its own attorney's fees and costs associated with such informal resolution efforts.

## XI.  MISCELLANEOUS PROVISIONS

77.   **Amendment** - This Consent Decree may not be amended or modified except upon written agreement of the Parties and approval of the Court.  Any proposed amendment to this Agreement must be signed by duly authorized representatives of each of the Parties hereto.  Such amendment must then be presented to the Court by joint motion of the Parties.

78.   **Implementation** - EEOC and Albertson's agree to take, in good faith, all reasonable steps to effectuate the terms of this Decree.

79.   **Attorney Fees and Costs** - EEOC and Albertson's shall each bear its own costs and attorneys' fees associated with the Actions.  Payment to Eligible Class Members, including payment to members of the Represented Group, from the Class Settlement Fund shall be in full and final settlement of all monetary claims, including attorneys' fees and costs.  Any and all claims for attorneys' fees and costs by any Eligible Class Member, including members of the Represented Group, shall be waived and released.

80.   **Computation of Time Periods** - In computing any period of time prescribed or allowed by this Decree, unless otherwise stated, such computation shall be made consistent with the Federal Rules of Civil Procedure.

81.   **Interpretation** - The terms of this Decree are the product of joint negotiations and shall not be construed as having been authored by one of the Parties rather than another.

82.   **EEOC Response to Request for Consent Decree Records** – As a matter of policy, when EEOC has entered into a consent decree requiring periodic reporting by the defendant, the EEOC does not provide copies of any consent decree reporting materials unless served with a request under the Freedom of Information Act (FOIA), a subpoena, or a court order.  If EEOC is served with such a request, subpoena, or order, for materials under this Decree, EEOC will promptly notify Albertson's within five (5) business days, unless the request, subpoena, or order indicates that Albertson's has also been served.

83.   **Notice** - Any notice, report, or communication required under the provisions of this Decree shall be by certified mail, return receipt requested, postage prepaid, unless otherwise provided herein, and addressed to the Parties as designated below, unless changed by written notice to the other party:

D. Andrew Winston
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203

Danny Ma
Director, Labor Relations
Albertson's LLC
400 South 99th Ave, Suite 200
Tolleson, AZ 85353

Mary Jo O'Neill
Regional Attorney
EEOC Phoenix District
3300 N. Central Ave. Suite 690
Phoenix, AZ  85012

Lawrence J. Gartner
Naomi Young
Ballard Spahr LLP
Suite 800
2029 Century Park East
Los Angeles, CA  90067-2909

84. **Counterparts** - This Decree may be executed in more than one counterpart, each of which shall be deemed as original, but all of which shall constitute one and the same instrument. In addition, facsimile signatures shall be deemed as valid as original signatures.

SO ORDERED.

_Christine M Arguello_
United States District Court Judge

_12\14\09_
Date

**APPROVED AS TO FORM AND CONTENT**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____ Date: 12/11/09
Mary Jo O'Neill
Regional Attorney
Phoenix District Office

ALBERTSON'S LLC.

By: _____ Date: Dec 10, 2009
Andrew Scoggin
Senior Vice President for Human
Resources and Labor Relations

_____ Date: 12/11/09
D. Andrew Winston
EEOC Trial Attorney
Denver Field Office

_____ Date: December 10 2009
Lawrence J. Gartner
BALLARD SPAHR LLP
Attorneys for Albertson's LLC

48

Attachment A

# NOTICE TO EMPLOYEES

This Notice is being posted as part of a remedy agreed to pursuant to a Consent Decree between Albertson's LLC and the Equal Employment Opportunity Commission (EEOC). Albertson's LLC has denied any alleged wrongdoing.

**Unlawful Discrimination:** Under federal law, it is unlawful for an employer to discriminate based on race, color, religion, sex, national origin, age (over 40), or disability. This means that an employer cannot make decisions about hiring, promotion, pay, or other conditions of employment, based on race, color, religion, sex, national origin, age (over 40), or disability. This also means that the work environment should be free from unlawful harassment based on race, color, religion, sex, national origin, age (over 40), or disability.

**Unlawful Retaliation:** It is also unlawful to retaliate against any individual because he or she has opposed unlawful discrimination based on race, color, religion, sex, national origin, age (over 40), or disability or has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing regarding such unlawful discrimination.

**Reporting Improper Conduct:** If you are aware of any events, conduct, or information, which you believe may indicate some unlawful discrimination, harassment, hostile work environment, or retaliation, it is very important that you report the information so that steps may be taken to investigate and remedy any unlawful discrimination, harassment, hostile work environment, or retaliation which has been found to exist. You may report such matters to:

   **Reporting to Albertson's:** Within the Albertson's organization, you may make such a report to Albertson's Consent Decree Coordinator, your supervisor, superintendent, manager, or a Human Resources professional. By reporting in this manner, you do not waive any right to file a charge of discrimination with EEOC or the Colorado Civil Rights Division.

   **Reporting to the U.S. Equal Employment Opportunity Commission:** EEOC is the federal agency responsible for enforcing federal laws prohibiting employment discrimination based on race, color, religion, sex, national origin, age (over 40), or disability. You may directly contact the Denver District Field Office of EEOC, at any of the following numbers:

> Telephone: 303.866.1300
> TTY: 303.866.1950
> Fax: 303.866.1085
> Toll Free: 1.800.669.4000

The Denver Field Office of EEOC is located at:

303 East 17th Avenue, Suite 410
Denver, Colorado 80205.

Attachment A

**Reporting to the Colorado Civil Rights Division:** The CCRD is the state agency responsible for enforcing state laws prohibiting employment discrimination based on race, color, religion, sex, national origin, age (over 40), or disability. You may directly contact the Colorado Civil Rights Division at any of the following numbers:

> Telephone:  (303) 894-2997
> TTY:  (303) xxx-xxxx
> Fax:  (303) 894-7830
> Toll Free:  1-(800) 262-4845
> E-mail:  ccrd@dora.state.co.us

The Colorado Civil Rights Division has offices in the following locations:

1560 Broadway Street, #1050
Denver, CO  80202

200 W. "B" Street, #234
Pueblo, CO  81003

222 S. 6th Street, #301
Grand Junction, CO  81505



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver Field Office**

Attachment B

**NOTICE OF SETTLEMENT**
*EEOC v. Albertson's LLC*, Civil Action Nos. 06-cv-01273 CMA-BNB and 08-cv-00640 LTB-MJW.
***DEADLINE FOR ACTION: [Insert date 60 days from mailing]***

[Insert Date]

[Claimant name]
[Claimant address]
[Claimant address]

Dear [Name],

Thank you for participating in the above-captioned lawsuit.  We are pleased to advise you that EEOC has reached a settlement agreement and your share of the settlement fund will be at least $_____.  In order to receive this settlement payment, however, you must sign and return **BOTH** of the enclosed forms to the address below, by the deadline of **[INSERT DEADLINE DATE].**

***To Accept the Settlement Amount:***  Sign and return **BOTH** of the enclosed forms by the deadline of ***[INSERT DEADLINE DATE (60 DAYS AFTER MAILING)].***  The enclosed forms are:

> 1.    **Claimant Release** (blue form) **AND**
> 2.    **W-9 tax reporting form** (white form)

Please send **BOTH** signed forms in the enclosed self-addressed envelope or deliver the forms to:

> **EEOC v. Albertson's LLC Settlement Fund**
> **[Insert Adminstrator's address]**
> **[Admn address]**

Your signed forms must be returned by the deadline - ***[DEADLINE DATE].***  We encourage you to use some verified delivery method (certified mail, hand delivery, FedEx), so you have proof of timely delivery.  ***DO NOT RETURN YOUR FORMS TO THE EEOC.***

**IMPORTANT:  Please do not expect to receive your payment before [Insert date].**

***To Reject the Settlement Amount:***  If you do not sign and return the Claimant Release Form by the deadline, you will have rejected the settlement and the funds will be paid to other claimants.  The settlement fund is limited and the amount to each claimant is not negotiable.  You can accept or reject.  The decision is yours.

***Questions:***  If you have questions about this Notice, please call the EEOC at 303.866.1324, or send an e-mail to karen.morrison@eeoc.gov.  EEOC will respond within two business days.

# Thank you for your participation #

Attachment C

## CLASS CLAIMANT RELEASE

In consideration for $_____ paid to me by Albertson's LLC in connection

with the resolution of *EEOC v. Albertson's LLC, f/k/a Albertson's, Inc.*, Civil Action No(s).

(06-cv-01273 CMA-BNB) (and) (08-cv-00640 LTB-MJW), I waive and release my right

to recover for any claims of race, color, and national origin discrimination and retaliation

under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*,

that I had against Albertson's LLC prior to the date of this release and that were

included in the claims alleged in EEOC's complaints in United States District Court for

the District of Colorado.


Date:_____      Signature: _____